INGRAM *v.* SHERWOOD.

Opinion delivered April 22, 1905.

1. CONFIRMATION OF TAX TITLE—EQUITABLE OWNERSHIP.—One who holds the equitable title to land may bring an action to confirm a tax title on which his title is based. (Page 178.)

2. SAME—VALIDITY OF DECREE—NOTICE.—A decree of confirmation of a tax title is not invalid because the notice alleged that the legal title was in petitioner when he held only the equitable title, nor because petitioner had contracted to sell the land when the title was confirmed. (Page 179.)

3. SAME—PRESUMPTION ON COLLATERAL ATTACK.—Under the rule that the presumptions are in favor of the judgment of a superior court of general jurisdiction, where a decree confirming a tax title recites that "the case came on to be heard upon the petition, proof of publication, deeds, etc.," it will be presumed on collateral attack that petitioner produced his receipts for at least three successive years next before the publication of the notice to confirm, and that he furnished proof that there was no one in possession of the land claiming adversely to the petitioner, as required by Kirby's Digest, § 665. (Page 179.)

Appeal from Arkansas Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Affirmed.

STATEMENT BY THE COURT.

The southeast quarter of section 35, township 3 south, range 5 west, 160 acres, lying in Arkansas County, was granted by act of Congress to the State of Arkansas as swamp and overflowed land, and was afterwards in 1861 entered by one H. Howard, and the title thereto transferred by the State to him. This land was forfeited and sold to the State in 1869 for nonpayment of taxes in 1868. Afterwards in 1872 J. R. Berry, as Auditor of the State, conveyed the land to C. W. Burroughs. Burroughs sold the land to George H. Rugg, and executed a bond for title to him. In 1890 Rugg borrowed money from F. A. Sherwood to pay for the land, and, to secure the payment of the sum borrowed, he had Burroughs to make a deed conveying the land to Sherwood; it

being agreed between Rugg and Sherwood that Sherwood would reconvey the land to Rugg upon the payment of the debt to Sherwood, or would convey to such person as Rugg might direct. Rugg in 1892 brought a suit in equity to confirm the tax sale to the State made in 1869 for taxes of 1868, and under which tax sale he claimed the land. The notice of confirmation was duly published the length of time required, the first publication being on the 27th day of July, 1892, and the last on the 7th day of September following. A decree confirming the tax sale was rendered at the November term of the chancery court of Arkansas County, in 1893, to which term the case had been continued. Rugg and Sherwood had a settlement previous to this decree, by which it was orally agreed that, after Rugg had confirmed his tax title, he would sell the land to Sherwood, and make him a quitclaim deed thereto, which he did in 1897. Soon afterwards he and Sherwood both died.

In 1900 John L. Ingram procured a deed to the land from H. Howard, who was or claimed to be the person who originally owned the land by purchase or entry from the State. Ingram took actual possession of the land, and brought this suit in equity against the heirs of F. A. Sherwood to set aside and cancel the deeds from the State to Burroughs and from Burroughs as clouds upon his title. The heirs of Sherwood appeared, and set up the tax title held by Burroughs and the confirmation thereof as a bar to the action of plaintiff.

On the hearing the court dismissed the complaint of Ingram for want of equity, and he appealed.

*George C. Lewis* and *P. C. Dooley*, for appellants.

The decree was void because the notice was insufficient. 55 Ark. 30; 48 Ark. 238; 68 Ark. 269; 59 Ark. 483; 51 Ark. 34; 70 Ark. 207; 71 Ark. 318; 70 Ark. 409; 22 Ark. 286; 23 Ark. 510; 53 Ark. 185; 52 Ark. 312; 13 Ark. 49; 11 Ark. 120; 38 Mo. 395; 42 Mo. 482; 44 Mo. 252; 37 Minn. 194; 54 Texas, 193; 67 Miss. 534; 35 Ill. 315. The petition was insufficient in the statement of necessary jurisdictional facts. Sand. & H. Dig. § § 630-633; 68 Ark. 211. The petitioner had no authority to have the sale confirmed. 22 Ark. 556; 19 Ark. 278; 40 Ark. 146; 31 Ark. 163;

12

44 Ark. 48; 62 Ark. 7; 49 Ark. 207; 50 Ark. 71; 56 Ark. 139; 56 Ark. 632. Fraud and deceit were practiced in obtaining the decree of confirmation. Bigelow, Fraud, § § 171, 175; 12 Pick. 270; 52 Ill. 35; 2 Hayw. 342; 24 La. Ann. 48.

*Edwin Pettit* and *C. E. Pettit,* for appellees.

Appellant is barred by laches. Wood, Lim. § 60; 72 Ark. 106; 137 U. S. 556. Laches need not be pleaded. 14 Ark. 62; 55 Ark. 92; 19 Ark. 16; 94 U. S. 811; 124 U. S. 187; 57 Ill. 17. Appellant fails on his own proof. 66 Ark. 134; 51 N. C. 528; 105 Pa. St. 601; 29 N. H. 431; 44 Minn. 269; 43 Minn. 347; 27 Mich. 489; 4 S. D. 41; Harris, Law of Identification, 212; Mart. Abs. of Tit. art. 173, 175. The decree cannot be collaterally attacked. 66 Ark. 1, 180; 68 Ark. 213; 72 Ark. 108; 73 Ark. 27; 72 Ark. 601. The petitioner had sufficient interest in the land. Kirby's Dig. § 6098; 73 Ark. 344; 22 Ark. 556; 72 Ark. 67; 58 Ark. 381; 60 Ark. 333. The petition was sufficient. Kirby's Dig. § 7798; 23 S. W. 639; 59 N. H. 35; 66 N. C. 398; 38 Conn. 397. The tax sale of 1869 is not shown to be void. 69 Ark. 101; 85 Ind. 311; 44 Ind. 223; 35 Ind. 380.

*George C. Lewis* and *P. C. Dooley,* for appellant in reply.

The claimant under a void tax title is never in constructive possession. 57 Ark. 523. By such claimant laches cannot be pleaded. 73 Fed. 701, Acknowledgment of a deed is *prima facie* evidence of the identity of the grantor. 108 U. S. 32; 3 A. K. Marsh. 202; 18 Mo. 274; 27 Tex. 139; 29 Vt. 179; 36 Ill. 362; 111 Ill. 541; 3 Mo. 106; 68 Mo. 871; 25 Colo. 76.

RIDDICK, J., (after stating the facts.) The only question presented by this appeal is whether a decree confirming a tax title rendered in a suit brought by one Rugg, who afterwards conveyed the land to the ancestor of defendant, was a valid decree or not.

Rugg purchased this tax title from Burroughs, and as he had borrowed the money with which to pay for the land from F. A. Sherwood, by agreement between these parties the land was conveyed by Burroughs to Sherwood, to be held by him as security

for the debt which Rugg owed him. While the legal title to the land was in Sherwood, yet he held this title as security for the payment of the debt due from Rugg. Rugg was owner of the equitable title, and in equity would be treated as the owner of the land, and that was sufficient to entitle him to bring an action to confirm the tax title. *Scott* v. *Watkins*, 22 Ark. 556.

Nor do we think that the allegation in the notice for confirmation that the land had come to Rugg by a regular chain of conveyances from Burroughs, the purchaser from the State, was such a misrepresentation as rendered the decree of confirmation invalid. The statement was inserted in the notice by the attorney for Rugg while under the impression that Rugg was the owner of the legal title. On being informed by Rugg that he was the owner only of an equitable title, no change was made. But this variance was not so material as to affect the jurisdiction of the court. Rugg was in fact the owner of a valid and subsisting interest in the land that entitled him to bring the proceedings to confirm, and this was sufficient to give the court jurisdiction. It is true that, at the time Rugg brought this action to confirm his tax title, he had an agreement with Sherwood that he would sell and convey the land so soon as he could procure a decree confirming his title. But the confirmation of the tax title held by Rugg was in the nature of a condition precedent upon which this contract was based. Sherwood refused to buy until the title was confirmed, and his contract to purchase was on the condition that the tax title should be first confirmed. This contract left Rugg the owner of the land until the confirmation decree was procured; and as it was made in good faith for a legitimate purpose, we do not think this contract deprived the court of jurisdiction to confirm the tax title in an action brought by Rugg for that purpose.

This proceeding to confirm was brought by Rugg in 1892, and the publication was made before the act of March, 1893, but the decree of confirmation was rendered after that act took effect. That act required that the petitioner at the trial should exhibit to the court tax receipts showing the payment of the taxes by petitioner, or those under whom he holds, for at least three successive years next before the publication of the notice to confirm. It also required the petitioner to show by oral or written testimony of witnesses acquainted with the land that there was no one in

possession thereof claiming adversely to the petitioner. The act further provided that "there shall be no confirmation of the sale of any lands that are in the actual possession of any person claiming title adverse to the petitioner, nor shall there be any confirmation of the sale of lands unless the petitioner, or his grantor, or those under whom he claims title, has paid the taxes on the lands for at least two years after the expiration of the right of redemption, said payment of taxes to be three consecutive years immediately prior to the application to confirm." Kirby's Digest, § 665. Now, it does not affirmatively appear from the record in the proceeding to confirm, which was read in evidence in this case, that any proof was introduced to show that no one was in possession of the land holding the same adversely to petitioner, or that he had paid the taxes for three years immediately preceding the publication of the notice to confirm. But the evidence in this case shows that as a fact no one was in possession of the land, and that the plaintiff in the confirmation suit had in fact paid the taxes required. The record in the confirmation suit is silent on those points, though the language of the decree intimates that other papers were read in evidence besides those named in the decree. The record shows that notice of the confirmation proceedings was published as required by law, and that a petition asking for the confirmation of the tax sale was duly filed. The decree of confirmation then recites that "the case came on to be heard upon the petition, proof of publication, deeds, etc.," the abbreviation, "etc." which follows the word "deeds" in the above quotation from the decree, tends to show that the case was heard not only on the petition, proof of publication and deeds, but that other papers besides the deeds were read in evidence. What these papers were does not appear. The record is silent; and if we concede that the filing of affidavits that no one was in possession of the land and also of copies of tax receipts showing payment of taxes by plaintiff for three years before the petition was filed were jurisdictional, still, as the record does not affirmatively show that they were not filed, but does show that other papers besides deeds were read in evidence, it should be presumed that these other papers were the affidavit and copies of tax receipts which the statute requires to be filed; for this is a collateral attack on the decree of confirmation, and, as the court which rendered it was

a superior court of general jurisdiction, the presumptions are in favor of its judgment. *Scott* v. *Pleasants,* 21 Ark. 364; *Boyd·* v. *Roane,* 49 Ark. 397; *Applegate* v. *Lexington & Carter County Mining Company,* 117 U. S. 269.

On the whole case, we are of the opinion that the judgment should be affirmed, and it is so ordered.