McDonald *v.* Fort Smith & Western Railroad Company.

Opinion delivered September 30, 1912.

1. Judgment—collateral attack.—A judgment that is not a nullity, but which only contains some defect that may become fatal and render it invalid is voidable merely, and until annulled can not be collaterally attacked. (Page 8.)

2. Same—effect of want of jurisdiction.—A judgment rendered by a court lacking jurisdiction either of the person or of the subject-matter is void. (Page 8.)

3. Judgment—collateral attack.—In the case of a domestic judgment collaterally attacked, the question of notice or no notice must be tried by the court upon an inspection of the record only; and where a judgment recites that the defendants were duly served with summons as required by law, it must be taken as true unless there is something in the record to contradict it. (Page 9.)

4. Eminent domain—presumption in favor of judgment.—The same presumption of regularity will be given to a judgment rendered in a

condemnation proceeding as in other actions which fall within the general jurisdiction of circuit courts. (Page 10.)

5. INSANE PERSONS—VALIDITY OF JUDGMENT AGAINST.—Where a judgment is rendered by a court having jurisdiction of the parties and subject-matter, it will not be void because the defendant was insane and no defense was made for her by a guardian, as required by Kirby's Digest, § § 6026, 6029. (Page 10.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon*, Judge; affirmed.

*Winchester & Martin*, for appellant.

1. The judgment, which shows affirmatively that no defense was made for an insane person, that no guardian was appointed to defend for her, that default was made, etc., was no bar to this suit. The judgment was void. Kirby's Dig., § 6050; 11 Ark. 519; 47 *Id.* 431; 49 *Id.* 397, 411.

2. The condemnation proceeding was a special proceeding, and the law was not followed. The judgment is open to collateral attack. Kirby's Dig., § § 2947, 2949; 1 Lewis on Em. Domain, (2 ed.) § 269; 47 Ark. 440-1; 21 Vt. 108; 9 How. (U. S.) 336; 20 Ark. 561-6-7; 19 *Id.* 499; 40 *Id.* 124; 55 *Id.* 30; 40 *Id.* 124; 11 *Id.* 120; 97 U. S. 444; 71 Ark. 318.

*C. E. & H. P. Warner*, for appellee.

1. The judgment in the condemnation suit is conclusive until reversed or vacated by direct proceeding. 49 Ark. 397; 72 *Id.* 299; 50 *Id.* 188; 1 Black on Judgments, § 205; 23 Cyc. 1072.

2. Evidence *dehors* the record was not admissible to show that the judgment was void. 39 Ark. 242; 32 N. E. 920; 112 Ind. 221; 47 S. W. 394.

3. The judgment was not void, but voidable only on a showing of a meritorious defense. 148 S. W. 1038; 51 Ark. 224; 57 *Id.* 628; 114 Cal. 218; 63 Tex. 88; 1 Black on Judgments, § 193.

4. If the records were silent as to notice, still the presumption is that the statute requiring notice has been complied with. 55 Ark. 30; 49 Ark. 397; 71 *Id.* 318.

FRAUENTHAL, J. This is an action instituted in 1909 by the guardian of Ella Hare, a person alleged to be of unsound mind, against the Fort Smith & Western Railroad Company

to recover damages for the appropriation by it for railroad purposes of certain land alleged to be owned by her. The defendant denied that Ella Hare owned said land, and pleaded in bar of any right she might have a judgment rendered in a suit instituted by it against said Ella Hare and others in which said land was duly condemned for its railroad purposes. The case was tried by the court sitting as a jury upon an agreed statement of facts. From this it appears that in 1901 the Fort Smith & Western Railroad Company instituted an action in the Sebastian Circuit Court for the condemnation of the land involved in the present suit. A number of persons were made parties to that action, amongst whom were said Ella Hare and Matt Grey, administrator of the estate of Mary A. Hare, the mother of said Ella Hare. After the filing of the complaint in that action, an order was made by said court directing the railroad company to make a deposit of a stated sum, in pursuance of the statute in such cases provided. In that order it is recited that, "it appearing to the court that due and sufficient notice has been given defendants herein, and that said motion is now properly presented, * * * and the court, being fully advised, doth sustain said motion and doth order that the plaintiff deposit, * * * subject to the order of the court, the sum of $2,000 for the purpose of making compensation to the defendants when the amount due them for the property herein sought to be appropriated shall have been assessed according to law." In that suit Matt Grey as such administrator alone filed an answer. Thereupon the cause came on for trial before a jury to assess the damages sustained by the defendants by reason of the appropriation of said land by the railroad company, who returned a verdict in the sum of $3,000 damages. A judgment was thereupon rendered condemning said land to the use of said railroad company and adjudging a recovery against it in favor of the defendants for said damages. In that judgment it is recited "that the defendants (naming them and the said Ella Hare specifically) have each and all been regularly and legally served with summons herein the due and proper length of time before the beginning of this term." None of the papers in said case could be found except the answer of said Matt Grey as administrator, and it does

not appear in any order of the court in that action that said Ella Hare was laboring under any legal disability, or that any guardian was appointed or appeared for her or filed an answer for her in that proceeding.

Upon the trial of the present case the plaintiff offered to prove (and in said agreed statement of facts it is conceded) that Ella Hare was at the time of the institution of said condemnation suit, and has been continuously ever since that time, a person of unsound mind. The court refused to permit the introduction of any evidence other than the record entries made in said condemnation suit. It held that parol testimony was inadmissible to impeach the judgment rendered in said condemnation suit, and that by said judgment the plaintiff herein was precluded from any recovery in the present action.

It is urged by counsel for plaintiff that the court erred in the ruling made by it, because by the offered testimony it would be shown that Ella Hare was at the time of the institution of said condemnation suit and the rendition of said judgment laboring under the disability of insanity, and the record in said case does not disclose that service of process therein was had both upon her and her guardian, nor that an answer was filed in that suit by any guardian for her; and for this reason the judgment is not valid. It will thus be seen that the object of the introduction of said testimony was to impeach said condemnation judgment in a collateral proceeding. The question, therefore, to be determined is whether said judgment is void or only voidable, in event the said Ella Hare was and has been continuously ever since the institution of said suit a person of unsound mind; for it is only when a judgment is absolutely void that it can be impeached collaterally.

When a judgment is not a mere nullity, but only contains some defect which may become fatal and render it invalid, then it is only voidable, and, until it is actually annulled, it has all the force and effect of a perfectly valid judgment. Until by a proper proceeding such judgment is reversed or vacated, it will be effective as an estoppel or as a source of title. A judgment rendered by a court without jurisdiction is void; and to have such jurisdiction the court must have

jurisdiction both over the subject-matter of the suit and the parties thereto.

It is conceded that the court rendering said condemnation judgment had jurisdiction over the subject-matter of said suit, and it is only contended that it did not have jurisdiction over the person of Ella Hare for the reason that proper notice had not been given to her thereof.  A judgment pronounced against one without notice is void; and section 4424 of Kirby's Digest is a statutory declaration of that principle.  But in all cases seeking to impeach a judgment for want of notice the question involved is, what is the character of the evidence which is necessary to show such notice or the want thereof? This question was fully and well considered by this court in the case of *Boyd* v. *Roane,* 49 Ark. 397.  It was there held that, in the case of a domestic judgment collaterally attacked, "the question of notice or no notice must be tried by the the court upon an inspection of the record only."  This ruling has been adhered to so often that the doctrine thus laid down can be considered settled in this State.  The judgment of a domestic court having general and superior jurisdiction is presumed regular and valid, and founded upon jurisdiction properly acquired.  Our statute provides that when it appears from the recital in the record of the court that notice has been given it shall be evidence of such fact (Kirby's Digest, § 4425); and in the case of *Love* v. *Kauffman,* 72 Ark. 265, it was held that when a judgment recited that the defendants "were duly served with summons herein as required by law," it must be taken as true unless there is something in the record to contradict it.  *Borden* v. *State,* 11 Ark. 519; *Marx* v. *Mathews,* 50 Ark. 338; *McConnell* v. *Day,* 61 Ark. 464; *White* v. *Smith,* 63 Ark. 513; *Porter* v. *Dooley,* 66 Ark. 81; *Clay* v. *Bilby,* 72 Ark. 101; *Ingram* v. *Sherwood,* 75 Ark. 176.

It follows that, in a case seeking to impeach collaterally a domestic judgment, the question as to whether or not process has been served in the manner prescribed by law upon the parties defendant therein is tried alone by an inspection of the record, and the verity of such record can not be assailed by parol evidence.  The judgment in the condemnation suit which plaintiff seeks in this case to impeach recites that process was duly and regularly served on said Ella Hare, who

was made a party defendant in that suit. This recital is conclusive evidence upon collateral attack of this judgment that Ella Hare, whether *sui juris* or laboring under disability, was served with process in the manner prescribed by law.

It is urged that the circuit court in the condemnation suit was proceeding in the exercise of a special power wholly conferred upon it by statute, and that its jurisdiction in such special proceeding will not be presumed upon collateral attack. But the powers conferred by our statute upon the circuit court to condemn property for public use are not of a summary nature, but are exercised judicially. The action taken in such matter by the circuit court is not ministerial, but belongs to it as a court of general jurisdiction, and is exercised in the same manner as in any civil action in which powers are exercised by it judicially and according to the course of the common law.

In the case of *State* v. *Rowe*, 69 Ark. 642, this court held that a proceeding by a railroad company to condemn land for its right-of-way was a civil action, and was a proceeding brought in a court of justice for the enforcement of a private right, like any other cause of action confided to the general jurisdiction of the circuit court. The rules which govern the exercise of jurisdiction conferred upon the circuit court in such condemnation action as to persons, process and procedure are the same as those applicable to the exercise of its powers over matters generally confided to its jurisdiction. It follows that the same presumption of regularity and verity will be given to a judgment rendered in a condemnation suit as in those actions which fall within the general jurisdiction of circuit courts.

It is urged that said judgment could be collaterally attacked because the record therein does not show that an answer was filed or a defense made by a guardian for the insane person, Ella Hare, but on the contrary that it affirmatively shows that an answer was only filed therein by the defendant Matt Grey, administrator. It is provided by our statutes that an action by an insane person must be brought by his guardian or next friend, and the defense of such person must be by his regular guardian or a guardian appointed by the court, and no judg-

ment can be rendered against him until after a defense by a guardian. Kirby's Digest, § § 6026, 6029.

In the case of *Peters* v. *Townsend*, 93 Ark. 103, it was held that these statutory provisions apply whether such persons was judicially declared to be of unsound mind or not. A judgment, however, which is rendered without the appointment of or a defense by a guardian for such insane person is not void. It would be erroneous to render a judgment against an insane person without the appointment of, or a defense made by, his guardian, and a judgment so rendered would be liable to reversal upon appeal or to vacation upon a proper action being instituted to that end. But such judgment would be voidable only. The principle is thus stated in 1 Black on Judgments, section 193: "If a judgment is rendered by a court having jurisdiction of the parties and subject, it is held by a great preponderance of authorities that it will not be void because the defendant was an infant and no guardian *ad litem* was appointed, although it will be irregular and liable to a reversal upon a proper proceeding for that purpose. The theory is that the appointment of a guardian is not a prerequisite to the jurisdiction of the court. Omission to appoint a guardian does not impair the authority of the court to proceed in the case, but at most is an irregularity in the exercise of its lawful jurisdiction which on settled principles of law may impregnate its judgment with error, but can not render it absolutely null."

The effect of the omission to appoint a guardian *ad litem* for one laboring under legal disability, therefore, will not be to vitiate the judgment on collateral attack, but to make it voidable only by appeal, or other direct proceeding.

It follows that the condemnation judgment could not be impeached collaterally for the reasons assigned by counsel for plaintiff, and that the parol testimony offered was inadmissible for that purpose.

The character of said judgment has really been determined by this court in the case of *Hare* v. *Fort Smith & Western Rd. Co.*, 104 Ark. 187. In that case the present plaintiff sought to vacate this judgment in pursuance of subdivision 5 of section 4431 of Kirby's Digest. In that case we said: "It is an error to proceed with the trial of a condemnation

suit when a person of unsound mind is a party thereto and is not represented by statutory guardian or a guardian *ad litem*, but such proceeding and the judgment therein rendered is not absolutely void; it is only voidable, and may be vacated, at the instance of such party laboring under disability," by a proceeding in pursuance of said statute.

The court therefore committed no error in the ruling which it made or in the judgment which it rendered. Said judgment is accordingly affirmed.