FRY v. GRISMORE-HYMAN COMPANY.

Opinion delivered December 12, 1921.

1. ADVERSE POSSESSION—PERMISSIVE POSSESSION.—Evidence that defendant's possession of land was by permission of the owner, and not hostile to him, *held* to justify a finding that her possession was not adverse.

2. EJECTMENT—INSTRUCTION.—An instruction in an ejectment case that the defendant would not be bound by an agreement of her son that she was to hold the land as tenant of plaintiff's grantor unless the son was her agent with authority to bind her was

properly modified by adding: "or unless you further find that Mrs. Fry (defendant) occupied the land under the agreement, if any, by and between the agent of the prior owner and Walter Parker" (defendant's son).

Appeal from Mississippi Circuit Court, Osceola District; *R. H. Dudley,* Judge; affirmed.

*John W. Scobey,* for appellant.

The court should have given the peremptory instruction (No. 1) requested by appellant. 132 Ark. 455. Also erred in modifying and giving as modified her requested instruction No. 2.

*Driver & Simpson* and *Arthur L. Adams,* for appellee.

The peremptory instruction was properly denied, as there is no evidence to show that the possession of appellant was hostile to the appellee's title. 1 R. C. L. p. 686; 47 Ark. 66; 48 Ark. 312; 30 Ark. 640; 65 Ark. 422; 87 Ark. 496; 97 Ark. 33; 132 Ark. 455.

The evidence adduced made the matter a jury question. 24 Ark. 224; 70 Ark. 385; 119 Ark. 6.

Appellant's requested instruction No. 2 was erroneous and properly refused.

Mere residence or possession in itself is not sufficient to give title. 1 R. C. L. 704-5, §§ 16, 17; 86 Ark. 202.

McCulloch, C. J. This is an action at law instituted by appellee, a corporation, against appellant to recover possession of a small tract of land described as 7.42 acres, situated in the form of a square in the northwest corner of the N. W. quarter of the N. W. quarter of section 1, township 12 north, range 8 east, in Mississippi County. Appellee deraigned title from the United States, and exhibited with the complaint conveyances establishing a perfect record title. The testimony in the case made out a clear record title in appellee. Appellant claimed title solely by adverse possession for a period of more than 7 years. She proved in the trial that she entered upon the land 12

or 15 years before the commencement of the action and cleared and fenced it and continued in possession up to the commencement of this suit. The only issue in the case was whether appellant's possession was adverse or whether it was permissive. The principal contention here for reversal is that the evidence is not sufficient to sustain the verdict in appellee's favor.

At the time appellant took possession of the land it was owned by A. H. Chatfield, and appellant's entry upon the land and subsequent occupation thereof was without color of title. It is not contended that she took possession under any claim of right.

Witness C. B. Bailey was Chatfield's agent, and his duties were to look after the Chatfield lands, especially with reference to protecting the timber thereon from trespassers. He testified that during the year 1911 he visited appellant at her house on this land and had a conversation with her with reference to her continuing in possession. He testified that she had been in possession several years at that time and lived there with her two sons, the eldest, Walter, being an adult. He testified that appellant and her son Walter told him that they were not asserting ownership of the land, and agreed to remain there only by permission of witness as Chatfield's agent, and that he suggested to them that they had better draw up and sign a written agreement expressing a small amount for annual rental of the land, and it was finally agreed that Walter should watch the timber on this tract of land and other lands of Chatfield's in the neighborhood in consideration of being permitted to occupy the tract in controversy. This witness also testified that in December, 1911, he wrote and mailed a letter to appellant's son Walter, again suggesting that a writing be signed in regard to their occupancy of the land, and that in 1913 he received a reply from Walter stating, in substance, that his mother was going to leave, but that he would like to remain on the land and lease it and would watch the Chatfield land in consideration of being permitted to remain in

possession of this tract. Bailey testified that he was on the place again in the year 1916 and talked with Walter about his remaining in possession. He testified that neither appellant nor her son, Walter, had ever made any claim to the land as owners.

This evidence, we think, was sufficient to warrant the jury in finding that the possession was permissive and not hostile to the rights of appellee as the true owner. Chatfield was appellee's immediate grantor.

It is also urged that the court erred in modifying instruction No. 2, requested by appellant. The instruction, as requested, would have told the jury that appellant was not bound by any agreement made by Bailey with her son Walter unless the jury found that Walter was her agent with authority to represent her. The court modified the instruction by adding the words, "or unless you further find that Mrs. Fry occupied the land under the agreement, if any, by and between the agent of the prior owner and Walter Parker." This modification was correct, for, if appellant occupied the land pursuant to an agreement made between her son and the agent of the owner, then such occupancy was permissive and could not ripen into title by lapse of time, unless notice was in some way brought home to the owner that the occupancy had changed from a permissive one into a hostile one.

There is no error in the record, and the judgment is therefore affirmed.