HARP *v*. CHRISTIAN.

4-8949

223 S. W. 2d 778

Opinion delivered October 24, 1949.

*Len Jones,* for appellant.

*A. B. Arbaugh* and *Merle Shouse,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, Silas Harp, homesteaded an 80 acre tract of land about 1907 which he still occupies as a farm. The land is described as the W ½ of the SW ¼ of section 15, township 17 north, range 21 west. He included within his fences about 30 acres that was not a part of his homestead, but was instead a part of the adjoining section 16 and was commonly referred to as "School Lands." The record title to section 16 has been held as a unit by successive owners, the last of whom is the appellee, C. R. Christian, who purchased the land from Mamie M. Pratt in 1946. After purchasing the property, *appellee made claim* to the 30 acre tract in controversy, whereupon appellant filed his petition in chancery court to quiet his title based on a claim of adverse possession. Appellee intervened in the suit denying the allegations of the petition and asking that his own title to the lands be quieted. Trial resulted in a decree dismissing appellant's complaint and confirmation of title in appellee as against appellant.

The only question for determination is whether the chancellor's finding that appellant's possession of the

lands in controversy was permissive, and not adverse, is against the preponderance of the evidence.

It is admitted that appellant has had the 30 acre tract under fence and been in actual possession of it for more than seven years. He has paid no taxes on the land and taxes on the whole of section 16 have been paid by appellee and his predecessors in title. Several witnesses testified on behalf of appellee that appellant had told them over the years that he was not claiming the land in controversy as his own, but was merely holding and using it for the benefit of the owners and looking after it for what he could get out of it. There was also evidence that appellant had offered to purchase the property from the record owners on different occasions.

Appellant admitted that he tried to buy it from appellee to clear his title and avoid a law suit, but denied that he offered to purchase from others. Previous record owners of section 16 from 1930 to 1946 testified that appellant made no claim of ownership of the lands in question, but was using it by permission of said owners. Mrs. Mamie Pratt, who owned the 16th section from 1939 to 1946, testified that appellant recognized her ownership at all times and offered to trade another piece of property for the land in controversy and witness advised him that he could use the land until she was ready to transfer it or use it herself. Appellee testified that in buying the land he relied upon appellant's statement that he was looking after the land for the use of it and did not own it.

Appellant denied the statements attributed to him by witnesses for appellee and stated that some of them were mad at him. He further testified that he always claimed and used the lands as his own without recognition of the rights of others and thought it was a part of the lands he homesteaded. Several witnesses for appellant testified that they had never heard anyone question his ownership or possession during the long period of years that he held and used the lands.

At the time appellant took possession, the land was school property and if the testimony of appellee's wit-

nesses is to be credited, appellant acknowledged it as such and his use thereof was permissive. It is well settled that where entry upon land is permissive, the statute will not begin to run against the legal owner until an adverse holding is declared and notice of such change is brought to the knowledge of the owner. Fulcher v. Dierks Lumber & Coal Co., 164 Ark. 261, 261 S. W. 645; Gibbs v. Pace, 207 Ark. 199, 179 S. W. 2d 690. It is true that an offer to purchase will not divest a title that has already become vested in the adverse claimant, but such testimony may be considered in determining the character of the possession during the statutory period. Baughman v. Foresee, 211 Ark. 149, 199 S. W. 2d 596.

While the evidence is sharply conflicting, we cannot say that the preponderance thereof does not support the conclusion of the chancellor that the possession of appellant was permissive and not adverse. The decree is accordingly affirmed.