THOMPSON *v.* THOMPSON.

4-9473                                           239 S. W. 2d 276

Opinion delivered April 23, 1951.

Rehearing denied June 4, 1951.

*J. R. Wilson, C. M. Martin* and *Henry B. Whitley,* for appellant.

*Streett & Harrell* and *Gaughan, McClellan & Gaughan,* for appellee.

PAUL WARD, J. Appellants, plaintiffs below, filed a complaint in chancery court to set aside certain probate orders in connection with the sale of real estate. Appellees, defendants below, filed a motion to dismiss the complaint on the plea of *res judicata* which was sustained by the chancellor and plaintiffs have appealed.

In order to make the issue clear, it will be necessary to abstract at length the plaintiffs' complaint and the defendants' exhibits to their plea of *res judicata.*

On the ............... day of November, 1947, the complaint consisting of nineteen numbered paragraphs was filed and in substance alleged: That the plaintiffs together with the defendant, Luther Thompson, are the sole surviving heirs at law of William Thompson, who departed this life intestate on the 7th day of May, 1933, seized and possessed of certain real estate and personal property of the value of $771.39, as shown by the inventory at-

tached and marked Exhibit "A"; that on or about the 17th day of November, 1933, the defendant, Luther Thompson, was appointed administrator of the estate of the deceased, taking charge of the property and collecting rents from the farm lands; that the debts of the estate consisted of three claims in the amount of $43.48, $558.42, and $250; that the administrator, never having accounted for the personal property shown in the inventory, and at the instigation of one of the creditors, filed his petition in probate court for an order to sell the real estate, falsely representing that there was no personal property out of which to pay the debts of the estate, and that he fraudulently concealed these facts from the court; that on the 19th day of May, 1936, the probate court made an order for the sale of said real estate, a copy of which order is attached marked Exhibit "B", and that there was collusion and fraud in connection with the appraisal; that thereafter and on the 27th day of July, 1936, the administrator acting under the irregular and void order of June 27, 1936, sold said real estate to one of the creditors, Dr. S. A. Thompson, for the sum of $1,075 and that said sale was approved and confirmed by the court, a copy of which confirmation is attached and marked Exhibit "E", but that said confirmation was void for the reason that the court was without jurisdiction to sell the real estate; that on October 27, 1936, the administrator executed his first and final settlement as shown by Exhibit "G", in which the administrator fraudulently failed to charge himself for the personal estate listed in the inventory, but that the court on October 27, 1936, made and entered an order confirming the said settlement, a copy of which is attached and marked Exhibit "H"; that on July 25, 1941, these plaintiffs filed their petition in the probate court, setting forth the above facts substantially as herein set out, and sought relief against the same defendants which they now seek from this court; that the said S. A. Thompson filed his separate answer to said petition and the cause was tried on its merits before the probate judge who later died before rendering a decision, and that finally on the 23rd day of October, 1946, the probate

court dismissed said petition for lack of jurisdiction; that the acts and conduct of the administrator, Luther Thompson, and the said S. A. Thompson were a fraud upon the probate court and a fraud upon these plaintiffs; that the purported orders and judgments of the probate court are void and of no effect for the reason that said court had no jurisdiction or authority to order the sale of said real estate. Then the plaintiffs pray that they be restored to possession of the property, that the administrator's deed and the orders and judgment for sale of the lands be cancelled and held for naught and also that the final settlement be set aside.

To the above complaint the appellees filed a demurrer stating that the court had no jurisdiction of the subject matter; that the complaint shows on its face that it was barred by the statute of limitations; and that the complaint does not state facts sufficient to constitute a cause of action. This demurrer was overruled by the court. Thereupon appellees filed a plea of *res judicata* in which they alleged: That on the 21st day of July, 1941, the plaintiffs herein filed in the probate court a pleading against these same defendants; that these defendants filed a motion to dismiss and that upon consideration of the same the court entered a finding of facts and conclusions of law and then entered a decree dismissing the plaintiffs' complaint; that on December 5, 1946, the court allowed the plaintiffs to amend their original complaint which in turn was also dismissed by the court; that subsequently the plaintiffs (appellants) appealed said cause to the Supreme Court of Arkansas as reported in the case of *Thompson* v. *Thompson*, 212 Ark. 812, 208 S. W. 2d 445; that the matters and things alleged in the complaint filed in this court are the same as the matters and things alleged in the complaint filed in the probate court in the original proceedings, and that the parties in the two proceedings are the same, and that the subject matter of the action and the relief sought are the same. To the above plea of *res judicata* were attached exhibits from ''A'' to ''G'' inclusive showing all of the proceedings, complaints and orders had and done in the original probate proceeding.

A careful comparison of the complaint filed in this case with the complaint filed in the former probate proceedings shows clearly that both involve the same parties and contain practically the same allegations. Apparently this is not seriously questioned by appellants because they are relying on an entirely different point for a reversal. It is appellant's serious contention that although the two complaints cover the same subject matter the order of the probate court dismissing their complaint was based solely on the question of jurisdiction and that it did not go to the merits of the case, and therefore could not be the basis for the plea of *res judicata*. Several cases are cited by appellants to sustain this contention, but we deem it unnecessary to review the same because we agree with appellants' interpretation of the law in this respect. The question however, for us to decide is whether the original probate proceedings were dismissed on the sole ground of lack of jurisdiction or was there a determination of the case upon its merits.

Appellants' contention that the order of the probate court dismissing its complaint was based solely on the question of jurisdiction finds apparent support in the wording of the "Findings of the Court" made on November 23, 1946. These "Findings of the Court" consist of six pages of the transcript and set forth a resume of all the facts and circumstances proved and developed in the probate proceedings, but the language to which we refer is the following: "There is no doubt, in the mind of the court that the chancery court not only has jurisdiction in this case, but is the only court in which suit may be filed for the relief sought by the plaintiffs in this action." If this was the only finding made by the court we would be strongly inclined to agree with appellants' contentions herein. After making the above quoted statement the court, in the same findings, made the following statement: "However, there are other questions of fact presented in the pleadings and argued by the parties in their briefs submitted to the court and no doubt the parties desire a finding on those issues of fact." The court then proceeded to review the record and made certain findings relative to the question of fraud, the regu-

larity of the sale of the real estate and other matters complained of by the plaintiffs and concluded with all findings in favor of the defendants. Also on the same date the court signed and caused to be entered of record an "Order and Decree" in which no mention was made of the question of jurisdiction and after referring to the allegations of the complaint, the exhibits and statements of counsel "and all this evidence" the court found; that the proceedings of the probate court appeared to have been regular and that the court had jurisdiction to make the order of sale, and approve the same; that there is no evidence of fraud practiced on the court in procuring its orders and there is no evidence of bad faith on the part of the defendant, S. A. Thompson, in purchasing the said land or the price paid therefor; that no fraud was practiced on the court in representing that there was not sufficient personal property to pay the debts, and that there has not been sufficient showing to justify this court in vacating or modifying former orders of the court; and that therefore it is decreed that plaintiffs' prayer for relief be denied and that the defendants' motion to dismiss for want of jurisdiction be sustained and the plaintiffs' complaint be dismissed.

The contention of appellants here that their complaint in the probate court was dismissed solely on the ground of the lack of jurisdiction does not appear to be consistent with their actions following the decree set forth above. On January 15, 1947, appellants filed an amended and substituted petition in the same proceedings consisting of sixteen numbered paragraphs, in which they make practically the same allegations and contentions that were made in the original complaint. Appellees promptly filed a motion to dismiss the amended and substituted petition and it was sustained by the court. At no time was the question of jurisdiction raised or mentioned.

The order of the probate court mentioned above dismissing appellants' complaint was appealed to the supreme court where it was affirmed January 19, 1948, as reported in *Thompson* v. *Thompson*, 212 Ark. 812, 208

S. W. 2d 445. The above cited decision discloses that the question there presented was not considered or decided on the issue of the lack of jurisdiction of the probate court, but on the other hand that it was decided on the merits of the case.

Judging from the language in the first part of his "Findings" as quoted above the Probate Judge, in considering the original issues, apparently thought at first that his court did not have jurisdiction. However, he apparently changed his mind later and, we think, properly so. As stated in the case of *Sullivan* v. *Times Publishing Co.*, 181 Ark. 27, 24 S. W. 2d 865, and other decisions of this court, the probate court is a court of superior jurisdiction. Under the provisions of § 29-506 Ark. Stats. the probate court had jurisdiction to pass upon the matters presented by the complaint in this instance, with the exception to be mentioned hereafter. Having jurisdiction, the probate court did pass on the merits of the allegations contained in appellants' complaint, finding all issues in favor of the defendants (appellees). This decision of the probate court, as stated above, was appealed to and affirmed by this court. That being true appellants cannot now try the same issues, between the same parties, in a court of chancery, and the Chancellor was right in sustaining appellees' plea of *res judicata* in so far as it relates to appellants' petition to set aside the administrator's sale of the land involved.

In addition to asking to have the administrator's sale set aside, appellants' complaint, both in the instant case and in the probate case, asked to have the administrator's final account set aside and surcharged, and in this respect appellants must prevail. The administrator's inventory showed that certain personal property came to his hands, but his final account made no mention of personal property. Since the final settlement had been approved by the court and the administration closed the probate court had no jurisdiction to reopen the settlement. This jurisdiction rested solely in chancery court. *Beckett* v. *Whittington*, 92 Ark. 230, 122 S. W. 633. The order of the Probate Court dismissing appellants' complaint made no mention of the final settlement, but whether the court

meant to cover this item or not it. could not be *res judicata* as to the allegations relative to final settlement in the complaint filed herein. Under the authority of *Dyer* v. *Jacoway,* 50 Ark. 217, 6 S. W. 902, it makes no difference that the error in the final account was apparent on its face.

In so far as it relates to the administrator's sale the cause is affirmed, but in so far as it relates to the administrator's final settlement the cause is reversed with directions to the lower court to proceed thereon consistent with this opinion.

Justice McFADDIN concurs.