Anderson v. Walker.

5-1355                                    306 S. W. 2d 318

Opinion delivered October 21, 1957.
[Rehearing denied November 25, 1957.]

*James R. Campbell* and *Holt, Park & Holt,* for appellant.

*B. W. Thomas* and *Richard W. Hobbs,* for appellee.

Paul Ward, Associate Justice.   This litigation is over the title to a parcel of land, 50 feet by 150 feet, on which is located a combination cafe and dwelling.

This land was purchased by appellee and Nivia H. Walker (his then wife) in 1945 as an estate by the entirety. On September 30, 1947, Nivia H. Walker secured a divorce from appellee on the ground of desertion. Service on appellee was obtained by warning order, and appellee had no personal knowledge, at the time, of the divorce proceedings.

Incidental to the divorce decree the court ordered the estate by the entirety dissolved, and ordered appellee's one-half sold to satisfy an award it had made to Nivia against appellee. At the sale Nivia became the purchaser, and in this manner, became (as she considered) the fee simple owner of the entire interest in the land in controversy.

Nivia at once went into possession of the property and continued in possession until her death on February 28, 1954. Thereafter her heirs, the appellants, continued in charge and possession of the property (paying taxes, as Nivia had also done) until August 26, 1955.

On the last mentioned date appellee brought a suit against appellants in which he asked the court to declare null and void the purported dissolution and sale of the estate by the entirety, to invest him with a fee simple title in said lands, and to order an accounting of all rentals received from the property. The trial court, after a full hearing, held with appellee on all points, after making the following pertinent findings of facts: (a) "No attachment was ever made upon the land in the said divorce action, . . ."; (b) ". . . Raymond Walker first learned of the entry of a decree of divorce in favor of Nivia Walker in 1949"; and (c) "No property settlement agreement was ever entered into between the plaintiff (appellee) and Nivia Walker and . . . there was no agreement whereby Nivia Walker was to receive a deed from plaintiff (appellee) to the property in question."

Although there are some phases of this case which enlist our sympathies in behalf of appellant, we must say

that the testimony supports the findings of the Chancellor.

There are suggested to us only four possible grounds on which to base a reversal of the decree of the trial court, *viz.,* (1) The Chancery Court, in the divorce action, had authority to dissolve the estate by the entirety; (2) The Chancery Court, in the divorce action, had a right to find there was a property settlement whereby appellee gave his wife the property in question; (3) The Chancery Court, in the divorce action, had a right to sell appellee's interest in the land to satisfy the judgment against him; and (4) Appellants acquired title to the property by adverse possession. These will be discussed in the order mentioned.

1. Appellee and his wife acquired title (by the entirety) in 1945, but it was not until 1947 (by Act 340) that the Chancery Courts were given the power to dissolve such an estate. *Jenkins* v. *Jenkins,* 219 Ark. 219, 242 S. W. 2d 124, 27 A. L. R. 2d 861, held that said Act 340 was not retroactive. Therefore the 1947 decree dissolving the estate by the entirety was a nullity, and is no bar to appellee in this collateral attack. *McDonald* v. *Fort Smith & Western Railroad Co.,* 105 Ark. 5, 150 S. W. 135, and *Laflin* v. *Drake,* 218 Ark. 218, 237 S. W. 2d 32.

2. Appellant's proof falls far short of showing Mrs. Walker acquired the interest of appellee by a property settlement. In fact, in her divorce action, Mrs. Walker made no such claim and the Chancellor, in attempting to dissolve the estate by the entirety, made no mention of such. In this record there is nothing which would have justified the Chancellor, in this case, in holding contrary to the above. On the other hand, he made the positive finding "that no property settlement agreement was ever entered into between" appellee and his wife. This finding is amply supported by the testimony. Moreover, the only settlement that is even suggested by the testimony is oral, and that would not have divested appellee of his title nor would it have invested the court with jurisdiction to do so.

3. Little need be said about the sale of appellee's property, in the divorce proceeding, to satisfy a judgment obtained against him on a warning order. As shown by the return of the attorney *ad litem*, appellee was not personally served and had no personal knowledge of the divorce proceeding. The record affirmatively shows that no attachment was issued against appellee either before or after the divorce suit was filed. Therefore the personal judgment rendered against appellee and the sale based thereon were null and void.

4. The Chancellor was correct in holding that appellants had not acquired the property by adverse possession.

This suit was filed by appellee on August 26, 1955. So, before appellants could prevail, on this ground, they would have to show adverse possession since, at least, August 26, 1948. It is not disputed that appellants (and Mrs. Walker before her death in 1954) were in *actual* possession of the property for more than 7 years but they have failed, as found by the Chancellor, to show their possession was *adverse.*

It is not seriously contended appellee had actual knowledge that appellants were holding adversely for 7 years. The Chancellor found as a matter of fact that appellee did not even know of the divorce until some time in 1949 (less than 7 years before this suit was filed). The finding is fully sustained by the testimony. It should be noted also that knowledge of the divorce in no way implies knowledge of adverse possession of the land involved.

Moreover, the testimony fails to show such character of possession by appellants as was reasonably calculated to bring home to appellee the knowledge that they were holding *adversely* to his interest in the land, and certainly this was true during the lifetime of his former wife who lived till 1954 (only one year and a half before this suit was filed). During Mrs. Walker's lifetime she had the same right to occupy the property that appellee had since they were owners by the entirety. The occupancy

of one could not be considered *adverse* to the title of the other in the absence of proof of some special incidents of occupancy reasonably calculated to so inform the other. There is no proof of such incidents in this record. The very most shown by the proof here is that appellee left his wife and permitted her to live on the property. We have frequently and consistently held that, "where entry upon land is permissive, the statute will not begin to run against the legal owner until an adverse holding is declared and notice of such change is brought to the knowledge of the owner." (Quotation from *Harp* v. *Christian*, 215 Ark. 833, 223 S. W. 2d 778.) See also *Bailey, Trustee* v. *Martin,* 218 Ark. 513, 237 S. W. 2d 16.

Appellants rely heavily on the decision in *Bride* v. *Walker,* 206 Ark. 498, 176 S. W. 2d 148, but certain distinguishing facts make it inapplicable here. In the cited case an estate by the entirety was not involved. Also the husband knew his divorced wife had been occupying the land for 10 years, and the court said "He must have known that she was not occupying this land as his wife, and that, since she had obtained a divorce from him, her possession was adverse to him." The facts mentioned in the *Bride* case are not present in the case under consideration.

Affirmed.

HOLT, J., not participating.

Rehearing denied November 25, 1957; MILLWEE and ROBINSON, JJ., think the petition for rehearing should be granted.