STILL *v.* STILL

5-3600 394 S. W. 2d 733

Opinion delivered October 25, 1965.

*J. Loyd Shouse,* for appellant.

*Kenneth R. Smith,* for appellee.

SAM ROBINSON, Associate Justice. The appellant, Andrew Still, is the owner of a small farm in Searcy County, lying immediately south and adjacent to the Marion--Searcy County line. The appellee, Archie Still, owns 60 acres immediately north and adjacent to the Marion-Searcy County line and directly across from appellant's farm. In 1944, appellant, along with Roy Still, the then owner of· appellee's property, caused a survey to be made in order to establish the true location of the Marion-Searcy County line. At the completion of the survey, fences were erected along the boundaries set out by the surveyor. Upon their agreement, however, Roy Still permitted appellant to erect a fence which deviated from the boundary so as to include about 1¼ acre of the Marion County land within appellant's fences. This was done in order to keep Roy Still's cattle away from appellant's home and barn and away from appellant's cattle.

Appellee, Archie Still, acquired the Marion County tract in 1961. Since that time he and appellant, Andrew Still, have continually disagreed as to the ownership of the 1¼ acre tract. Appellee finally filed suit for its possession in the Marion.County Circuit Court. The cause was removed to equity, which court confirmed title in appellee, subject only to an easement in favor of appellant extending from appellant's home and property to the county road. Since no cross-appeal was taken as to the Chancellor's finding regarding the easement, the only question before this court is whether the Chancellor's finding that appellant's possession of the land was permissive and not adverse, is against the preponderance of the evidence.

Appellant relies on his original agreement with Roy Still and his subsequent use of the land for the required statutory period in order to establish title by adverse possession. We agree with the court below that no such title was established here. The testimony of several witnesses, along with the testimony of appellant himself, clearly indicates that appellant's possession was permissive. When asked to relate the basis of his agreement with Roy Still, appellant testified: ". . . when I would go to feed my stock, his stock would come over and give me lots of trouble and he gave me permission to build the fence there for both our conveniences." Appellant's wife testified: ". . . we have it in our possession to use, that was the agreement." Appellant's uncle, Charlie Still, telling about his recollection of the agreement stated that: "He gave him permission to use that land, that is all." It is well settled that the holding of land by permission can not ripen into an adverse or hostile right until notice is brought home to the owner and holding has continued thereafter for the statutory period. *Fry* v. *Grismore-Hyman Co.*, 151 Ark. 44, 235 S. W. 373; *Fulcher* v. *Dierks Lumber & Coal Co.*, 164 Ark. 261, 261 S. W. 645; *Harp* v. *Christian*, 215 Ark. 833, 223 S. W. 2d 778; *Bailey, Trustee* v. *Martin*, 218 Ark. 513, 237 S. W. 2d 16. A preponderance of the evidence does not show that appellant ever brought home such notice to Roy Still, or any other holder of record title. Appellant asserts that at one time in 1955 he forced appellee off the property, but the record shows that appellee did not acquire title until 1961.

The preponderance of the evidence supports the conclusions of the Chancellor that appellant's possession was permissive and not adverse. The decree is accordingly affirmed.