Mary Louise FILK *v.* Elizabeth F. BEATTY, By Her Attorney in Fact, Lloyd David Beatty

89-35                                                    764 S.W.2d 454

Supreme Court of Arkansas
Opinion delivered February 20, 1989

*Kelley and Luffman*, by: *Eugene T. Kelley*, for appellant.

*Scott, Lashlee & Watkins, P.A.,* by: *John R. Scott*, for appellee.

ROBERT H. DUDLEY, Justice. In 1984, Elizabeth F. Beatty executed a durable power of attorney pursuant to the provisions of Ark. Stat. Ann. § 58-501 et seq. (Repl. 1971) (Ark. Code Ann. § 28-68-301 et seq. (1987)) and Ark. Stat. Ann. § 58-701 et seq. (Supp. 1985) (Ark. Code Ann. § 28-68-201 et seq. (1987)) for the purpose for having her son, Lloyd David Beatty, appointed to provide for her needs in the event she became incompetent. The power of attorney was presented to the probate judge pursuant to Ark. Stat. Ann. § 58-501 (Repl. 1971) (Ark. Code Ann. § 28-68-304 (1987)) and was signed by him under the word "approved." The approval contained no other words of rendition of judgment.

Lloyd Beatty, acting under the power, brought this action in chancery court in the name of his principal against the appellant, to collect amounts past due on a promissory note. In the chancery court action, the appellant questioned the standing of the attor-

ney-in-fact to maintain the action on the ground that the principal was incompetent at the time the probate court approved the power of attorney and at the time the suit was filed; hence, the action could not be maintained either in the principal's name or in the attorney-in-fact's name. The appellant further questioned the attorney-in-fact's standing because of an alleged excessive value in the principal's estate. The chancellor excluded all evidence of the principal's competency and of the value of the principal's estate on the ground that such evidence would only serve to collaterally attack the action of the probate court in approving the power. We affirm that ruling.

■ Before discussing the points of appeal raised by the appellant, we issue a caveat by noting that a judgment consisting solely of the word "approved" does not clearly specify the relief granted by the trial court, as is required for a valid judgment. *See Thomas* v. *McElroy*, 243 Ark. 465, 420 S.W.2d 530 (1967). However, the form of the probate court judgment has never been questioned.

In her two points of appeal the appellant argues that the chancellor erred in refusing to allow her to prove (1) the competency of the principal and (2) the value of the ward's estate.

■■ The probate court has constitutional and statutory subject matter jurisdiction of persons of unsound mind and their estates. Article 7, Section 34, as amended by Amendment 24, Section 1, of the Constitution of Arkansas, and Ark. Stat. Ann. § 62-2004 (Repl. 1971) (Ark. Code Ann. § 28-1-104(a)(4) (1987)). In addition, the probate court is specifically given subject matter jurisdiction over this kind of power of attorney. Ark. Stat. Ann. § 58-501 (Repl. 1971) (Ark. Code Ann. § 28-68-304 (1987)). Thus, the probate court was clearly acting within its jurisdiction when it approved the power of attorney in this case. When a probate court has acted within its jurisdiction, its judgments are not open to collateral attack. *Sullivan* v. *Times Publishing Co.*, 181 Ark. 27, 24 S.W.2d 865 (1930). When a probate court acts without its jurisdiction, however, its judgments are void, and subject to collateral attack. *McDonald* v. *Fort Smith & Western Ry. Co.*, 105 Ark. 5, 150 S.W. 135 (1912).

■ Here, the appellant's argument is that the probate court's granting of the power was *erroneous* because the principal

(a) was incompetent and (b) had too large an estate. An erroneous judgment is not void, but only voidable, and may not be collaterally attacked. *McDonald, supra.* Thus, the chancellor correctly ruled that the probate court judgment could not be collaterally attacked in chancery court.

Affirmed.