ADAMS *v.* VAN BUREN COUNTY.

4-5905 139 S. W. 2d 9

Opinion delivered April 8, 1940.

*W. F. Reeves,* for appellant.
*Opie Rogers,* for appellee.

GRIFFIN SMITH, C. J. In 1937 the Van Buren county court directed that warrants[1] issued prior to January of that year be called in for "reissue, cancellation, or classification."[2]

Warrant No. 530 for $753.94 issued June 1, 1931, to Democrat Printing and Lithographing Company, was presented by appellant. In its order declining to reissue, the court adjudged the demand "void and invalid because barred by the statute of limitations, and for other reasons." The circuit court affirmed.

Appellee contends the warrant was based upon the printing company's claim for supplies delivered from 1926 to 1929, amounting to $1,519.45; that within the meaning of Amendment No. 10 to the constitution rev-

[1] The terms "warrants," and "scrip" are used interchangeably.
[2] Pope's Digest, § 2540.

enues for the period in question and for subsequent years were exhausted; that the consolidated account was allowed in January, 1930, but the judgment was set aside in February; that the controversy reached this court in 1931 and action of the circuit court in sustaining the county court's order of disallowance was affirmed;[3] that it is uncontradicted now that the allowance of $753.94 was a part of the $1,519.45 claim; that on appeal to the circuit court from the county court's action in refusing to reissue there was evidence sustaining the county's contention of insufficient revenue during 1929 and 1930, and that the showing thus made was conclusive in respect of invalidity of the warrant.

The record contains evidence from which the county and circuit courts could have found that revenues for 1929 and 1930 were exhausted had that fact been an appropriate subject of inquiry. The courts were not bound to treat the warrant as valid because its issuance was in pursuance of the county court's approval of the claim for which it stood. Although acting judicially in passing upon claims,[4] the county court is not precluded from rejecting invalid warrants when they are presented for reissue under a calling-in order.[5] The invalidity, however, must not be predicated upon error only. If validity of the claim could not have been shown by any possible legal evidence, or if the judgment of allowance was obtained by fraud, the warrant may be cancelled. To this extent the proceeding under a calling-in order is not a collateral attack. [*Monroe County* v. *Brown,* fourth footnote.]

The law as declared in the Brown Case is not applicable here. In June, 1931, the Van Buren county court disallowed claim of Democrat Printing & Lithographing Company for $761.55. The circuit court on appeal found that revenues for the fiscal year ending November 3, 1930, exceeded expenditures; that there was an avail-

---

3 *Democrat Printing & Lithographing Company v. Van Buren County*, 184 Ark. 972, 43 S. W. 2d 1075.

4 *Monroe County v. Brown*, 118 Ark. 524, 177 S. W. 40. (See cases cited at page 528 of the Arkansas Report.

5 *Desha County v. Newman*, 33 Ark. 788. (Cited in *Monroe County* v. *Brown* at page 529 of the Arkansas Report.)

able balance of $753.94; that the claim should be reduced $7.21, and that an allowance of $753.94 was valid.[6]

At the trial from which this appeal comes appellant objected to introduction of testimony contradicting facts found by the circuit court in 1931, over which Judge J. F. Koone presided. There was no allegation that fraud was practiced on the court in the former proceeding; hence such evidence should have been excluded. In a controversy of the character here discussed, a circuit court judgment not appealed from bears presumptive verity. If the subject-matter was within the court's jurisdiction, and there was jurisdiction of the person, and nothing in avoidance of the judgment is disclosed by its recitals or because recitals essential to its validity are omitted, and time for appeal has expired, there is a presumption that all things litigated or that should have been litigated in the proceeding have been adjudicated, and that the judgment reflects a correct determination of the issues. Thereafter, except for fraud practiced upon the court in procurement of such judgment, it may not be questioned, except as provided by law.

The facts found by the circuit court in 1931 were that the claim was just, that it was unpaid, that the amount allowed was within the revenues; and, therefore, the demand was valid. The judgment rendered thereon cannot be reviewed in the manner attempted.

The county court could not refuse to reissue the warrant because more than five years had elapsed since its issuance. It was receivable in payment of taxes, even though the treasurer could not be required to redeem it in cash.[7]

---

6 The circuit court judgment contains this recitation: ". . . all testimony offered by the parties having been heard, and the court being well and sufficiently advised, doth find that the matters involved in this cause are certain claims of the Democrat Printing & Lithographing Company, numbering 17, and aggregating $761.55, for certain records and supplies furnished during the year 1930, as reflected by said claims. . . ."

7 *Hill v. Logan County,* 57 Ark. 400, 21 S. W. 1063. In this case the headnote is: "The county court cannot refuse to reissue county warrants presented in pursuance of an order calling them in, upon the ground that such warrants were not presented within five years from their date, and consequently not payable out of the county treasury, since they are nevertheless receivable in payment of all taxes and debts due the county." [See *Crudup v. Ramsey,* 54 Ark. 168, 15 S. W. 458, where it was held that the statute now appearing as § 8938 of Pope's Digest applies to county warrants].

The judgment is reversed, and the cause is remanded with directions to the circuit court to require the county court to reissue the warrant.