PINKSTON. *v.* SCHUMAN.

4-8020 198 S. W. 2d 66

Opinion delivered December 9, 1946.

*L. P. Biggs,* for appellant.

*W. J. Kirby* and *U. A. Gentry,* for appellee.

HOLT, J. May 3, 1946, appellant filed complaint in which she alleged: 1. That she was the owner of "plots 1, 2, 3, 4 and 5, Prospect Terrace, an addition to the city of Little Rock, Arkansas," . .. . that "2. Street Improvement District 508, a regularly organized local assessment district, on July 31, 1936, filed a suit in the Pulaski chancery court, which suit was numbered 54187

and was for the purpose of enforcing payment of delinquent assessments due said district against said plots for the year 1933. 3. A summons was issued on said complaint, dated July 31, 1936; said summons was delivered to the sheriff of Pulaski county for service; said summons was returned by the sheriff and was filed in the office of the clerk of the Pulaski chancery court on February 18, 1937. Said summons shows the following return as to the plaintiff: 'I have this 10 day of February, 1937, duly served the within summons by delivering a true copy thereof to Della M. Pinkston, *et al.*, all in said county as herein commanded.' Signed, 'L. B. Branch, Sheriff, by J. G. Glidewell, Deputy Sheriff.' 4. The said district, on July 26, 1937, filed a suit in the Pulaski chancery court, which suit was numbered 55828, and was for the purpose of enforcing payment of delinquent assessments against said plots for the year 1934.

"5. Service of summons based on this complaint, in suit numbered 55828, was had by publication of notice. 6. The Pulaski chancery court, by order, dated August 17, 1937, . . . ordered that cases numbered 46583, 47907, 54187 and 55828 be consolidated under the title 'Board of Improvement of Street Improvement District Number 508 of the City of Little Rock, Arkansas, plaintiff vs. No. 55828, J. B. Shepherd, *et al.*, defendants, and to proceed accordingly.' 7. The Pulaski chancery court, in the case numbered 55828, of the date of January 6, 1938, entered a decree . . . for the amount of assessments and penalties for the years 1933 and 1934 and an attorney's fee. (8, 9 and 10). That the plots were sold to the district under the terms of the decree, the sale confirmed, and on May 14, 1945, the said plots were conveyed by the district by quitclaim deed to appellee, Manie Schuman.

"11. The return of the sheriff of the summons in case numbered 54187, heretofore mentioned, showing service of summons on the plaintiff, Della M. Pinkston, is false and fraudulent. The plaintiff alleges that no summons, either actual, personal or constructive has ever been had on the plaintiff in said case number 54187,

and plaintiff has never entered her appearance in said case. 12. The decree of the court in consolidated case numbered 55828 . . . in the office of the chancery clerk, is void for the reason that there has been no legal service of summons on this plaintiff and no entry of plaintiff's appearance in suit number 54187. The confirmation of said sale, . . . the order approving deed, . . . the commissioner's deed, . . . deed records of Pulaski county, are void for the reason set out above. 13. The deed of said district to the defendant . . . is void for the reason that the district had no title which it could convey to said defendant. WHEREFORE, this plaintiff prays that the decree of the court, . . . ; the sale of the plaintiff's property had on October 19, 1938; the confirmation of said sale of record . . . ; the order approving deed of record . . . ; the commissioner's deed, . . . ; and the quitclaim deed, . . . be canceled and held for naught in so far as plots 1 to 5, inclusive, Prospect Terrace, may be involved, and that the court quiet the title to said plots in this plaintiff, and for all costs and other relief.''

She prayed that the decree of the court foreclosing the lien, the sale of the property, the confirmation of said sale, the commissioner's deed to the district, and the deed from the district to the defendant, Manie Schuman, be canceled and held for naught, in so far as it affected plots 1 to 5, inclusive, Prospect Terrace, and that the court quiet the title to said plots in the plaintiff, etc.

An amendment to this complaint was filed by appellant June 8, 1946, by which Street Improvement District 508, and its commissioners were made parties defendants, and in which the allegations of the original complaint were adopted and a prayer for the vacation of the decree wherein the district's lien was foreclosed.

On June 12, 1946, a second amendment to the complaint was filed in which it was alleged that the judgment of foreclosure was void, that said decree was procured by fraud practiced by the successful party within the meaning of subsection 4, § 8246 of Pope's Digest, and prayed that said decree be vacated.

To the complaint and amendments thereto, a demurrer was interposed in which it was alleged that: "1. The facts stated in the complaint are not sufficient to constitute a cause of action. II. The complaint on its face shows that it is a collateral attack upon a decree of the chancery court of Pulaski county under which lands therein described were sold, and there are no facts, alleged showing that it affirmatively appears from the record that the court did not have jurisdiction to render said decree. On the contrary, the allegations of the complaint show that in the record of the cause condemning the lands to sale, it affirmatively appears that facts existed essential to the jurisdiction of the court. III. The complaint on its face shows that the lands were condemned and sold at a judicial sale more than five years prior to the filing of the present suit and that the plaintiff is barred by the statute of limitations (Pope's Digest, § 8924) pertaining to judicial sales."

From the decree sustaining the demurrer and dismissing appellant's complaint comes this appeal.

Appellant says: "The decree in this case is void because of want of process and consequently lack of jurisdiction of the person of appellant," and "The decree is void *ab initio* and the complaint is a direct attack."

It will be noted from the allegations in the complaint that when the first foreclosure suit was filed by the district on July 31, 1936—case No. 54187—for the assessments due the district in 1933, personal service was had on appellant. At that time personal service was required under Act March 22, 1881, C. & M. Digest, § 5678. This personal service was shown by the return of the sheriff on the summons, July 17, 1937, set out in the complaint.

On July 26, 1937, when the district filed the second suit—No. 55828—to foreclose for assessments due in 1934, service by publication was alleged. The law at that time had been amended by Act 101 of 1937, which provided for service on property owners within the district by publication.

Further allegations were that on August 17, 1937, the trial court consolidated suits 54187 and 55828, along with two other suits, under suit No. 55828, and on January 6, 1938, the court entered a decree in these consolidated cases against appellant's lots for amounts due for the years 1933 and 1934, together with penalty and attorney's fee, that the lots were subsequently sold to the district under the decree, the sale confirmed and the property sold and conveyed by the district by quitclaim deed to Schuman May 14, 1945.

On the face of the record before us, was the decree rendered against appellant in these consolidated cases without notice, actual or constructive, so as to render it void and deprive the trial court of its jurisdiction? We think not. In the suit for the 1933 assessments, there was proper personal service on appellant, and in the suit for the 1934 assessments, proper service was had by publication which gave the court jurisdiction.

In *McDonald* v. *Fort Smith & Western Railroad Company,* 105 Ark. 5, 150 S. W. 135, this court said: "But in all cases seeking to impeach a judgment for want of notice the question involved is, what is the character of the evidence which is necessary to show such notice or the want thereof? This question was fully and well considered by this court in the case of *Boyd* v. *Roane,* 49 Ark. 397, 5 S. W. 704. It was there held that, in the case of a domestic judgment collaterally attacked, 'the question of notice or no notice must be tried by the court upon an inspection of the record only.' This ruling has been adhered to so often that the doctrine thus laid down can be considered settled in this state. . . . It follows that, in a case seeking to impeach collaterally a domestic judgment, the question as to whether or not process has been served in the manner prescribed by law upon the parties defendant therein is tried alone by an inspection of the record, and the verity of such record can not be assailed by parol evidence."

Appellees concede that if the judgment here were a nullity, either a direct or collateral attack might be made upon it.

We think it clear that the present suit is a collateral attack, upon the decree, *supra,* foreclosing the district's lien. It is a suit, in effect, against Schuman, in which the district was not a necessary party, to cancel certain record instruments as a cloud upon her (appellant's) title and to quiet title to the lots involved in appellant. It was not a proceeding in the original suit of the district to have the decree vacated and set aside, but an independent action seeking to quiet appellant's title to the property by setting aside the decree in favor of the district, *supra.*

In *Cassady* v. *Norris,* 118 Ark. 449, 177 S. W. 10, the meaning of a collateral attack, as distinguished from a direct attack on a judgment, is given by this court as follows: "Any proceeding provided by law for the purpose of avoiding or correcting a judgment, is a direct attack which will be successful upon showing the error; while an attempt to do the same thing in any other proceeding is a collateral attack, which will be successful only upon showing a want of power. . . . If the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral," and in *State ex rel. Attorney General* v. *Wilson,* 181 Ark. 683, 27 S. W. 2d 106, this court said: "Except in those cases where an attack upon the judgment is authorized by statute, it is necessary, in order to constitute a direct attack upon a judgment, that some step be taken to impeach its validity in the action itself, such as by appeal taken from it or by motion to vacate or modify on account of some irregularity; any other is a collateral attack. This action is a collateral attack."

In the *Cassady* v. *Norris* case, *supra,* the improvement district was made a party defendant and there had been a foreclosure by the district, as here. The facts are similar and the rules announced there apply with equal force in the present suit. We quote further from that opinion: "The improvement district was not a necessary party to the proceeding. There is no allega-

tion that the taxes due the district were paid or that same were not legal charge against the land. The judgment condemning the lands for sale had been fully executed and satisfied, the district having received its taxes. Therefore, no such suit could be maintained against the district for these taxes, and the district was not concerned in the controversy between appellant and the appellee Norris, the purchaser of the land, over the title thereto. The court correctly found that the improvement district had no interest in the matter. The primary purpose of the suit was to quiet title by having the deed held by appellee Norris canceled and set aside. It is a proceeding not in the original suit in any direct manner to have the judgment vacated and set aside, but is merely an independent proceeding and having as its direct purpose the quieting of the title of appellant by setting aside the deed of appellee Norris. This is the proper characterization of the suit, and it constitutes only a collateral attack upon the judgment of the chancery court under which the land in controversy was condemned and sold.''

Also, the case of *Clay* v. *Barnes,* 121 Ark. 474, 181 S. W. 303, presents a situation similar in all respects to that presented here. There, suit was instituted to cancel certain deeds as clouds upon defendant's title. There had been a decree of foreclosure against the property at the instance of a drainage district. The validity of the decree and the commissioner's deed executed thereunder were attacked on the ground that no notice of the suit had been given or published as the law required, and in an amended complaint, it was alleged that ''the invalidity of the decree ordering the sale of the land in controversy, does not appear upon the face of the decree or upon or by any record in the case in which it was rendered, and that the want of publication of notice alleged and complained of in plaintiff's complaint does not appear upon the face of the judgment or decree or upon record in the cause, but the same must be established by evidence *aliunde.''*

It was there prayed for cancellation of the judgment, the decree, the deeds and conveyances, that title be quieted and for general relief. A general demurrer was interposed and sustained, and on appeal to this court, it was said: "The complaint alleges that the decree of the chancery court foreclosing the lien of the drainage district for taxes is regular and valid and the sale and commissioner's deed thereunder likewise valid, in so far as shown by the record of the case, and that the invalidity of the decree for want of the alleged notice and of the commissioner's deed, 'does not appear upon the face of the judgment or decree or upon the record in the cause, but must be established by evidence *aliunde.*' The purpose of the suit as disclosed by the complaint is to set aside the decree and cancel the deeds of the commissioner and other grantors of appellee, as clouds upon appellant's title and for possession of the lands claimed.

"It is not a proceeding in the original suit in any direct manner, to have such judgment vacated for any of the grounds authorizing vacation of judgments under the statute, but is an independent proceeding merely, having as its chief purpose the gaining of the possession of the lands claimed and the cancellation of the conveyance to appellee as a cloud upon the title. Such proceeding constitutes no more than a collateral attack upon the said decree of the chancery court, under which the land in controversy was condemned and sold. *Cassady* v. *Norris,* 118 Ark. 449, 177 S. W. 10."

On the record presented and the above authorities, we must, and do, conclude that the trial court properly sustained appellee's demurrer, and accordingly, the decree is affirmed.

McFADDIN, J., concurs.