Tem TYLER, et. al. *v.* Lottie SHACKLEFORD, et al.

90-134                                                      799 S.W.2d 789

Supreme Court of Arkansas
Opinion delivered November 19, 1990

*Tem Tyler* and *Karen Tyler*, pro se.

*Bruce Lindsey*, for appellees Lottie Shackleford and Lloyd Johnson.

*Arnold, Grobmyer & Haley*, by: *Ben F. Arnold*, for appellee John C. Earl.

OTIS H. TURNER, Justice. This appeal is from a decision of the Pulaski County Circuit Court, Fifth Division, denying the petitioner's challenge to the certification of Judge John C. Earl as a candidate for the Democratic Party nomination for election as chancellor. The action filed was a petition for writ of mandamus to be directed to Lottie Shackleford, Chairperson of the Democratic Party of Arkansas, and Lloyd Johnson, Secretary of the Democratic Party of Arkansas. The petition was subsequently amended, naming Judge Earl as a party defendant and seeking a declaratory judgment that he was not qualified to serve as chancery judge nor to stand for re-election to that office.

The appellants contended that Judge Earl, who had been convicted in 1969 in federal court of a felony in connection with the distribution of controlled substances, had failed to comply with Ark. Code Ann. § 7-6-102 (1987) in that he had not attached a Certificate of Expunction to his Political Practices Pledge, which included a declaration that he had not been convicted of a felony in or outside Arkansas. Following the filing of the petition, Judge Earl filed a Certificate of Vacation of Conviction from the United States District Court for the Eastern District of Arkansas, dated January 19, 1971. The document set aside the conviction pursuant to 18 U.S.C. § 5021(b), a section repealed by Congress in 1984. In its response, appellee Democratic Party of Arkansas argued that the Certificate of Vacation was a federal equivalent

to the state Certificate of Expungement and that no time limit existed for its presentation.

The circuit court found that the petitioners had failed to join as parties defendant the Pulaski County Election Commission and the Perry County Democratic Committee, the entities charged with conducting the primary elections in the respective counties. We agree that such failure to join necessary parties is fatal to the appellants' cause, and we therefore affirm.

For reversal, the appellants raise four points. At the outset we note that Judge John C. Earl was defeated in his race for nomination as the Democratic candidate for election as Chancery Judge for the Sixth Judicial District, which is comprised of Pulaski and Perry Counties. While the question of the re-election of Judge Earl is therefore moot, we choose to address the legal issues presented in this appeal because the public interest is involved. *See State* v. *Craighead County Board of Election Commissioners*, 300 Ark. 405, 779 S.W.2d 169 (1989).

The appellants argue in their first point for reversal that the circuit court erred in dismissing their petition on the basis of a lack of necessary parties. They insist that all necessary parties were present — Judge Earl to represent himself, and the Democratic Party of Arkansas to represent the county committees. As the court noted in its order, however, the Pulaski and Perry County Democratic Committees are responsible for the primaries held in their counties. The state Democratic Party is not vested with the authority to remove a candidate's name from the ballot. *See State* v. *Craighead County Board of Election Commissioners*; *Ridgeway* v. *Catlett*, 238 Ark. 232, 379 S.W.2d 277 (1964); *Irby* v. *Barrett*, 204 Ark. 682, 163 S.W.2d 512 (1942). Thus, the appellants failed to join the necessary parties to their action.

In their overlapping second and third points for reversal, the appellants contend that the circuit court was in error in dismissing their petition because Ark. Code Ann. § 7-6-102 (1987), which sets forth requirements for political practices pledges, does not recognize a federal "vacation of conviction." Subsection (d) of that Code section states:

> For purposes of this section, a person shall be qualified

to be a candidate for a state, district, county, municipal, and township office and may certify that he has never been convicted of a felony if his record was expunged in accordance with §§ 16-93-301 — 16-93-303, or a similar expunction statute in another state, provided, the candidate presents a certificate of expunction from the court that convicted the prospective candidate.

The appellants rely heavily on *United States* v. *McMains*, 540 F.2d 387 (8th Cir. 1976), which held that the Federal Youth Corrections Act did not authorize the expunction of a record of conviction which had been set aside pursuant to 18 U.S.C. § 5021 because the statutory language did not plainly provide for record expunction and the issuance of a certificate of vacation "militates against a construction favoring expunction." 540 F.2d at 389.

However, in *United States* v. *Fryer*, 545 F.2d 11 (6th Cir. 1976), the Sixth Circuit Court of Appeals held that:

[T]he Youth Corrections Act is by legislative design an expungement statute, and . . . the word "convicted" . . . cannot be read to include a conviction expunged from the record by the Youth Corrections Act. . . . Therefore, defendant did not have the prior felony conviction that would put him in violation of 18 U.S.C. App. § 1202(a). Nor could he be in violation of 18 U.S.C. § 922(a)(6) for misrepresentating that he was not a convicted felon because he was not in fact a convicted felon.

545 F.2d at 13.

In *United States* v. *Arrington*, 618 F.2d 1119 (5th Cir. 1980), the appellate court stated that "If a youthful offender has been unconditionally discharged, the disabilities of a criminal conviction are completely and automatically removed; indeed, the conviction is set aside as if it had never been. . . . Issuing the section 5021(a) certificate to a youthful offender who has completed his sentence is a ministerial act which merely certifies what has already been accomplished." 618 F.2d at 1124.

Hence, Judge Earl's 1969 conviction, under federal case law, is considered a nullity. Moreover, because the reference in Ark. Code Ann. § 7-6-102 is to a "certificate of expunction" from Arkansas or another state, the federal certificate may be

regarded as the equivalent of such a document. To hold otherwise would be to deny the force of a federal act. The trial court was correct to rule that Judge Earl was entitled to assert that he had never been convicted of a felony in Arkansas or elsewhere.

■ In their final point for reversal, the appellants maintain that the circuit court erred in refusing to disqualify Judge Earl on the basis of his failure to file a certificate of expunction with his political practices pledges in 1984 and 1990. As noted in *United States* v. *Arrington*, though, the setting aside of a conviction under 18 U.S.C. § 5021 means that it is "as if it had never been." The language in Ark. Code Ann. § 7-6-102 refers only to Arkansas or other states' certificates of expunction. Taking it at face value, then — as the appellants would have us do under their second and third points for reversal — the judge was never obligated to produce his federal Certificate of Vacation of Conviction because, legally, his conviction never occurred. The documentation was "a ministerial act" that simply certified what had "already been accomplished." *United States* v. *Arrington*.

Affirmed.