Kerm POWERS *v.* Winston BRYANT, Attorney General of Arkansas

91-164                                                    832 S.W.2d 232

Supreme Court of Arkansas
Opinion delivered June 8, 1992

*Griffin Smith*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Jeanette L. Hamilton*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Kerm Powers appeals the denial of his petition for a writ of mandamus directing appellee Attorney General Winston Bryant to prosecute an action to remove Altus "Shorty" Doshier from Doshier's office as mayor of Yellville, Arkansas. Appellant argues that Ark. Const. art. 5, § 9 prohibits Doshier from holding office because Doshier was convicted in 1932 of the crimes of burglary and grand larceny.

On August 17, 1932, Doshier pled guilty to the offenses of

burglary and grand larceny. Doshier was seventeen at the time, and served seventy-six days confinement in the Arkansas Boys' Industrial School. More than fifty years later, on May 1, 1984, Doshier filed a petition for writ of error in the circuit court of Marion County. The basis of Doshier's petition was his assertion that he was not informed of the right to counsel at the time he entered his guilty plea in 1932. On July 29, 1985, the Honorable John Lineberger granted Doshier a writ of error *coram nobis* setting aside Doshier's 1932 convictions and declaring the 1932 convictions "null and void." Judge Lineberger further ordered the reinvestment of all Doshier's rights of which he was deprived or could have been deprived because of the 1932 felony conviction. Finally, Judge Lineberger ordered the sealing of the record containing the *coram nobis* proceedings.

On November 8, 1990, appellant Powers filed this petition for mandamus in Pulaski County Circuit Court. Powers alleged that Doshier's 1932 convictions rendered Doshier ineligible to hold public office under Ark. Const. art. 5, § 9. This constitutional provision prohibits convicted felons from "holding any office or trust or profit in this state." The trial court denied Powers' petition on the basis that Powers petition constituted an impermissible collateral attack on the order entered by Judge Lineberger in the earlier *coram nobis* proceeding. We affirm.

The order entered by Judge Lineberger in the *coram nobis* proceeding explicitly declared Doshier's 1932 convictions "null and void." The order also contained language reinvesting Doshier with any rights of which he was deprived because of the convictions. Appellant Powers challenges Judge Lineberger's order and urges us to hold that he is entitled to a writ of mandamus because Judge Lineberger's order granting the writ of error *coram nobis* is a "void" order. According to appellant, Judge Lineberger's order is "void" because the order is contrary to the standard set out in *Troglin* v. *State*, 257 Ark. 644, 519 S.W.2d 740 (1975) for when the granting of a writ of error *coram nobis* is proper. Appellant argues that Judge Lineberger's action in granting the writ was "so blatant as to be literally *ultra vires*." He further argues that the collateral attack rule should not prohibit us from reviewing Judge Lineberger's *coram nobis* order because a constitutional issue is at stake.

■ We disagree with appellant's assertion that the order entered by Judge Lineberger is a void order. When a judgment contains some defect which may become fatal and render it invalid, then it is only voidable, and until it is actually annulled, it has all the force and effect of a perfectly valid judgment. *McDaniel* v. *Fort Smith & W. R.R. Co.*, 105 Ark. 5, 150 S.W. 135 (1912). Absent allegations of fraud or lack of jurisdiction, a judgment entered by a circuit court bears presumptive verity and may not be questioned by collateral attack. *Adams* v. *Van Buren County*, 200 Ark. 269, 139 S.W.2d 9 (1940). If the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the proceeding is a collateral attack, which will be successful only upon showing a lack of power. *Pinkston* v. *Schuman*, 210 Ark. 896, 198 S.W.2d 66 (1946).

■ In this case, appellant's petition for a writ of mandamus depends largely on the overturning or impeachment of the order entered by Judge Lineberger in the *coram nobis* proceeding. However, the alleged defect in the *coram nobis* proceeding involves a question of law which could have been raised by the state on an appeal of that proceeding. As appellant does not allege either fraud or lack of jurisdiction in his collateral attack on the *coram nobis* proceeding, we reject his voidness argument and will presume that the writ of error *coram nobis* was properly granted. The question then becomes whether Ark. Const. art. 5, § 9 prohibits a citizen with a "null and void" expunged felony conviction from holding public office in this state.

■ Appellant argues that the mere "fact" of a prior conviction, regardless of whether the conviction has been expunged or voided, renders a citizen constitutionally ineligible to hold public office under art. 5, § 9. Appellant cites no authority to support his rigid constitutional interpretation, and we reject this argument based on the reasoning recently set out in *Tyler* v. *Shackleford*, 303 Ark. 662, 799 S.W.2d 789 (1990). In the *Tyler* case, we discussed the legal effect of expunction under the Federal Youth Corrections Act, and relied on decisions of the Fifth and Sixth Circuits holding the expungement under the federal act actually removed the fact of a conviction. We adopted the reasoning of the Fifth Circuit in holding that following a

572

discharge under the federal act, "the disabilities of a criminal conviction are completely and automatically removed; indeed, the conviction is set aside as if it had never been." *Id.* at 665, 799 S.W.2d at 790, quoting *United States* v. *Arrington*, 618 F.2d 1119 (5th Cir. 1980).

While appellant attempts to distinguish *Tyler* by pointing out that the *Tyler* case dealt with the effect of expunction under a federal law, we find the distinction irrelevant for purposes of this case. Judge Lineberer's order granting the writ of error *coram nobis* clearly stated that Doshier's 1932 convictions were "null and void." As Judge Lineberger's order manifested an intent to set aside Doshier's conviction as if it had never occurred, we find no constitutional violation in Doshier's holding of public office.

Accordingly, we affirm the denial of appellant's petition.

Special Justice JOHN C. DEACON joins in this opinion.

HAYS, J., and Special Chief Justice JAMES A. McLARTY, III, dissent.

HOLT, C.J., and BROWN, J., not participating.