The Honorable Gordon Webb Prosecuting Attorney 14th Judicial District P.O. Box 483 Harrison, Arkansas 72602
Dear Mr. Webb:
This is in response to Deputy Prosecuting Attorney Kenford O. Carter's request for an opinion on the eligibility of Mr. Rocky Wayne Dillard to be a candidate, or to hold the office of sheriff in Marion County, Arkansas. Mr. Dillard is currently a candidate for that office. Mr. Carter has enclosed with his request certified copies of a felony criminal complaint, an indictment, and an "Order Suspending Imposition of Sentence and Providing for Probation and Diversion" from the State of Alaska pertaining to Mr. Dillard.[1] Mr. Carter asks whether Mr. Dillard is qualified to be a candidate or to hold the office of sheriff in light of these documents. He also asks whether a governor's pardon from the State of Alaska would have any effect upon the qualification of Mr. Dillard.
It is my opinion that the questions posed must ultimately be addressed by a court presented with all the facts. Two reasons compel this result. First, it has been held that a local county board of election commissioners does not have the authority to remove a candidate's name from the ballot based on the commission's opinion that the candidate is ineligible. See Robinson v. Craighead County Board of ElectionCommissioners, 300 Ark. 405, 779 S.W.2d 169 (1989). See also, Ivy v.Republican Party, 318 Ark. 50, 883 S.W.2d 805 (1994); Ridgeway v.Catlett, 238 Ark. 323, 379 S.W.2d 277 (1964); and Irby v. Barrett,204 Ark. 682, 163 S.W.2d 512 (1942). Such officers act ministerially, and do not have the discretion to determine eligibility issues. Robinson,supra. Suit for a declaratory judgment coupled with mandamus must be brought to have the candidate's name removed from the ballot. Id. Resort to judicial process will thus be necessary to resolve the matter in any event. Second, the question of this particular candidate's eligibility is not entirely clear under current Arkansas law, and must ultimately be resolved by a court.
The pertinent provision of the Alaska court order provides as follows:
 IT IS ADJUDGED that the defendant has been convicted upon his plea of nolo contendere to the offense of Theft in the Second Degree, in violation of A.S. 11.46.130 (a)(1), as charged in the indictment and Criminal Mischief in the Second Degree, in violation of A.S. 11.46.482(a)(4) as charged in the Indictment also. . . .
IT IS ADJUDGED that the defendant is guilty as charged and convicted.
 It appearing to the satisfaction of this court that the ends of justice and the best interests of the public as well as the defendant, will be served thereby,
 IT IS ORDERED that the imposition of sentence be suspended for a period of 22 months, and the defendant is placed on probation on condition that he successfully participate in the Probation Program for a period of 22 months. Throughout this period of probation the defendant is to remain on good behavior, and is to abide by all conditions contained in the Plea Agreement filed March 21, 1990.
 IT IS FURTHER ORDERED that the Court, in accordance with law may at any time revoke or modify the conditions of the defendant's probation; may sentence the defendant at any time, or may extend the period of probation; or may discharge the defendant from further supervision at any time. . . .
Sentencing herein is pursuant to A.S. 12.55.085.
Mr. Carter's first question concerning Mr. Dillard's eligibility in light of the documents enclosed with his request, is comprised of two parts: 1) whether Mr. Dillard is qualified to be a candidate for the office of sheriff; and 2) whether he is qualified to hold the office of sheriff if elected. Two statutes are pertinent to the first issue, and two constitutional provisions, one statute and several cases of the Arkansas Supreme Court are pertinent to the second issue.
Arkansas Code Annotated 7-6-102(b) (Supp. 1995) is pertinent to Mr. Dillard's eligibility to be candidate for county sheriff. It requires candidates for county offices to sign a political practices pledge which includes a pledge that: "I hereby certify that I have never been convicted of a felony in Arkansas or in any other jurisdiction outside of Arkansas." Subsection (d) of the same statute provides that:
 For purposes of this section, a person shall be qualified to be a candidate for a state, district, county, municipal, and township office and may certify that he has never been convicted of a felony if his record was expunged in accordance with §§ 16-93-301 — 16-93-303, or a similar expunction statute in another state, provided, the candidate presents a certificate of expunction from the court that convicted the prospective candidate.
Mr. Carter has stated in his request for an opinion that Mr. Dillard is currently a candidate for sheriff in Marion County. I assume, therefore, that he has filed a political practices pledge which states that he has never been convicted of a felony. The deadline for filing such pledges by county candidates has already passed. See A.C.A. §§ 7-6-102(a)(1) and (2) and A.C.A. § 7-7-103. Failure to file such a pledge after notification to do so can result in the candidate's name not being placed on the ballot. A.C.A. § 7-6-102(e). I assume therefore, that Mr. Dillard has filed the pledge and he is not therefore ineligible to have his name placed on the ballot for failure to file the pledge at all. Questions may remain as to whether he was entitled to sign the pledge stating that he had never been convicted of a felony. Those questions, as more fully explained below, must be decided by a court.
The other statute pertinent to Mr. Dillard's candidacy is A.C.A. § 7-5-207(b), which provides that:
 No person's name shall be printed upon the ballot as a candidate for any public office in this state at any election unless the person is qualified and eligible at the time of filing as a candidate for the office to hold the public office for which he is a candidate . . . [with an exception not relevant here].
Thus, one must be eligible to hold the office in order to be a candidate for the office. There are at least two constitutional provisions and one statute which render persons convicted of felonies ineligible to hold public office in Arkansas. Arkansas Constitution, art. 5, § 9 provides that: "[n]o person hereafter convicted of embezzlement of public money, bribery, forgery or other infamous crime shall be eligible to the General Assembly or capable of holding any office or [sic] trust or profit in this State." Arkansas Constitution, art. 19, § 3 states that: [n]o persons shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector." (Amendment 51 provides for the cancellation of voter registration of persons convicted of felonies and who have not discharged their sentences or been pardoned.) Finally, A.C.A. § 16-90-112 provides that "[e]very person convicted of bribery or felony shall be excluded from every office of trust or profit and from the right of suffrage in this state."
A pardon is not sufficient to restore eligibility under art. 5, § 9. SeeRidgeway v. Catlett, 238 Ark. 323, 379 S.W.2d 277 (1964); State ex rel.Attorney General v. Irby, 190 Ark. 786, 81 S.W.2d 419 (1935), cert.denied, 296 U.S. 616 (193); and State v. Carson, 27 Ark. 469 (1872). Seealso generally, In re Petition of Anderson, 312 Ark. 447, 851 S.W.2d 408
(1993) and 58 A.L.R. 3d 1191 (stating that there is general agreement among the courts that the granting of a pardon will not restore him to public office which he has forfeited as a result of his conviction). An expungement, however, is sufficient to restore such eligibility. SeePowers v. Bryant, 309 Ark. 568, 832 S.W.2d 232 (1992). In addition, issues may arise as to whether a particular court disposition (e.g., a "suspended imposition of sentence") is ever considered a "conviction" for purposes of the prohibitions above.
Thus, under these authorities, it appears a court faced with the question must decide whether Mr. Dillard ever had a "conviction" for purposes of the Arkansas Constitution and statutes, and if so, whether that conviction has been "expunged." If the Alaska disposition of his criminal charges was not a "conviction" or if he has obtained an "expungement" of that conviction, he is eligible to sign the political practices pledge and is eligible to be a candidate and to hold the office of sheriff.
Mr. Dillard was sentenced under Alaska Statutes § 12. 55.085. The title of that section is "Suspending imposition of sentence" and it provides that the court may suspend imposition of sentence and place the defendant on probation. Subsections (d) and (e) of that Alaska statute provide that the court may at any time during the probation discharge the defendant and if the court has not revoked the probation, shall discharge the defendant at the end of the period of probation. The statute also provides that upon the defendant's discharge by the court without imposition of sentence, the court may set aside the conviction and issue the person a certificate to that effect. It appears that this statute contemplates that an actual "conviction" is entered at the time of the court's initial order suspending imposition of sentence, which "conviction" may later be "set aside" by the court. It has been held that this statute, however, does not result in an "expungement." Journey v.State, 895 P.2d 955 (Alaska 1995). The conviction, although set aside, remains of record, and may be used to some degree in later prosecutions.See also Larson v. State, 688 P.2d 592 (Alaska App. 1984) and Mekiana v.State, 707 P.2d 918 (1985), rev'd on other grounds, 726 P.2d 189 (Alaska 1986).
It is not indicated in Mr. Carter's request whether Mr. Dillard has received a certificate from the Alaska court setting aside his conviction. If Mr. Dillard does have such a certificate, a court presented with the question must first determine whether the Alaska statute under which Mr. Dillard was sentenced is a "similar expunction statute" to Arkansas' A.C.A. §§ 16-93-301- to 303. The Alaska statute is not identical to the Arkansas statute, but each was apparently enacted to serve similar purposes. The Alaska Supreme Court has stated that the purpose of its statute was to provide probationers who received a suspended imposition of sentence with the prospect of a clean slate and the promise of a new beginning upon successful completion of probation.Mekiana v. State, 726 P.2d 189 (Alaska 1986). The statute, however, does not result in an expungement. Journey, supra. It is not entirely clear, therefore, whether an Arkansas court would hold that the Alaska statute is a "similar expunction" statute to A.C.A. § 16-93-303. Cf. Op. Att'y Gen. 91-342. If a court did find A.S. § 12.055.085 a "similar expunction statute," and Mr. Dillard has a certificate from the Alaska court setting aside his conviction, it appears that Mr. Dillard would be authorized to sign the political practices pledge.
It also appears, however, that even absent an "expungement" or expungement certificate[2] Mr. Dillard may be eligible to sign the political practices pledge and to hold office in Arkansas. See Tyler v.Shackleford, 303 Ark. 662, 799 S.W.2d 789 (1990). There is an argument to be made that his Alaska "conviction" would not be treated as a conviction at all by an Arkansas court for purposes of determining his eligibility to hold public office, and thus Mr. Dillard could lawfully sign the political practice pledge under 7-6-102(b) without regard to whether it had been subsequently "expunged" under A.C.A. § 7-6-102(d).[3] In Arkansas, the entry of a suspended imposition of sentence does not, in some cases, ever result in the entry of a "conviction." See, e.g., A.C.A. §§ 5-4-301(d) (Repl. 1993); 5-4-311(b) (Supp. 1995) and 16-93-303
(Supp. 1995). It has thus been held in such cases that a suspended imposition of sentence is not sufficient to create ineligibility to hold public office. See Martin v. Hefley, 259 Ark. 484, 533 S.W.2d 521 (1976) and May v. Edwards, 258 Ark. 871, 529 S.W.2d 647 (1975). See also,Campbell v. State, 300 Ark. 570, 781 S.W.2d 14 (1989) (ousting county judge from office under art. 5, § 9, but stating that "if the judgment actually failed to impose a sentence . . . a different situation would be presented and a different result might be required"), citing Owens v.State, 86 Ark. 317, 111 S.W. 466 (1908) and Tucker v. State,248 Ark. 979, 455 S.W.2d 888 (1970). See also generally, Merritt v. Jones,259 Ark. 380, 533 S.W.2d 497 (1976); Op. Att'y Gen. 91-425 (opining that, for purposes of holding public office, a suspended imposition of sentence is not a conviction, but a suspended execution of sentence is);[4] Peoplev. Fabian, 192 N.Y. 443, 85 N.E. 672 (1908) (which appears to be the seminal case); Slawik v. Folsom, 410 A.2d 512 (Del. 1979); 10 A.L.R.5th 139 at § 11(b); 36 A.L.R.2d 1238 and later case service at 250.
Under Alaska law, however, what the Alaska legislature calls a "suspended imposition of sentence" appears to actually result in a conviction unless and until that conviction is later "set aside" by the court. See A.S. § 12.055.085(d) and (e). The Alaska court order states that Mr. Dillard was "convicted," but the court did not impose any sentence other than probation. This disposition in Arkansas might never result in a "conviction" and can lead to an expungement of the record. See A.C.A. §16-93-303 (Supp. 1995). Would an Arkansas court faced with Mr. Dillard's situation apply the law of Arkansas as regards suspended impositions of sentence, and hold that such dispositions are not sufficient to create ineligibility to hold public office in Arkansas despite the denomination of such dispositions in the foreign jurisdiction as a "conviction?" Or would the court, rather, look exclusively to the law of the foreign jurisdiction to determine whether a conviction has occurred? A similar issue was addressed in Sutherland v. Arkansas Department of Insurance,250 Ark. 903, 467 S.W.2d 724 (1971), wherein the revocation of a real estate license was at issue regarding a licensee who had received a suspended imposition of sentence in California. The court stated that:
 [t]here would be no point in discussing the California law, for the matter is controlled by Arkansas law, i.e., the judgment entered by the California trial court, insofar as it relates to the question at hand, is governed by whether the judgment was final under Arkansas law. This is true because of the ancient principle of law that where the enforcement of the foreign law would contravene the established policy of the state of the forum, the law of the forum governs.
250 Ark. at 904-905.[5]
It is not entirely clear, in my opinion, despite the language above, how the Arkansas Supreme Court would address the eligibility of a candidate with a suspended imposition of sentence granted in another jurisdiction, where such disposition constitutes a conviction in that jurisdiction, but would not have constituted a conviction if granted in Arkansas. There is no decision of the Arkansas Supreme Court directly on point as to which state's law applies in such a situation. Cf., however, Tyler v.Shackleford, supra (applying federal law to determine the effect of a federal vacation of conviction). The court might apply Arkansas law, and determine that the disposition of Mr. Dillard's case does not result in a conviction thereunder, because Mr. Dillard was never sentenced. He received no fine and no sentence of imprisonment. The court might also be persuaded by the maxim that provisions in constitutions and statutes imposing qualifications should receive a liberal construction in favor of the right of the people to exercise freedom of choice in the selection of officers, and in favor or those seeking to hold office, and that ambiguities should be resolved in favor of eligibility to hold office.See 67 C.J.S. Officers § 17.
The court might, however, look solely to the Alaska law, and conclude that unless set-aside, a conviction is still outstanding in Mr. Dillard's case.
In response to Mr. Carter's final question regarding the effect of a pardon, as noted previously, a pardon is not sufficient to restore eligibility to hold public office, whether it is an Arkansas pardon (Ridgeway v. Catlett, supra) or a federal pardon (State ex rel. AttorneyGeneral v. Irby, supra). Presumably an Alaska State pardon would be similarly ineffective. An expungement is sufficient (Powers v. Bryant,supra), as is a suspended imposition of sentence which does not result in a "conviction." Martin v. Hefley, supra.
In conclusion therefore, persons wishing to challenge Mr. Dillard's eligibility to be a candidate must place the issue before an Arkansas court. Mr. Dillard's name may not be omitted from the ballot by the Marion County Board of Election Commissioners unless a court ruling is obtained to that effect. See Robinson v. Craighead County Board ofElection Commissioners, supra.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The offenses at issue are theft in the second degree and criminal mischief in the second degree.
[2] Even if Mr. Dillard has not received a certificate setting aside his conviction, he might contend that even though the Alaska court has not set aside his conviction, he was entitled to have his conviction set aside absent a showing of good cause. The set aside should be granted as a matter of right unless some specific reason for denial is established.See Wickham v. State, 770 P.2d 757 (Alaska Ct.App. 1989). Mr. Dillard thus might argue that because he was entitled to have his conviction set aside, the mere fact that this action was not completed by the court should not defeat his eligibility. Cf. Irvin v. State, 301 Ark. 416,784 S.W.2d 763 (1990) (holding that failure of state official to perform "ministerial act" to have record expunged could not defeat expungement, where record should have been expunged as a matter of right). It does not appear, however, under the Alaska statute, that the action of setting aside the conviction is a mere "ministerial act." The conviction must be set aside by the court, and the statute says that the court "may" set aside the conviction.
[3] A similar conclusion was reached in Tyler v. Shackleford, supra,
wherein it was held that a federal conviction which was set aside under 18 U.S.C. § 5021(b) was a "nullity" and it was unnecessary for the candidate to produce a certificate for a conviction which was treated as never having occurred.
[4] Suspended execution of sentence is no longer an option in Arkansas. See Meadows v. State, 320 Ark. 686, 899 S.W.2d 72 (1995).
[5] It should be noted, however, that in resolving the merits inSutherland, the court relied strongly on State Medical Board v. Rodgers,190 Ark. 266, 79 S.W.2d 83 (1935), a case later overruled in Campbell v.State, supra. It appears, however, that the Campbell court's disagreement with the Rodgers decision had more to do with whether a suspendedexecution of sentence, as opposed to a suspended imposition of sentence was a final conviction. The Campbell court was not presented with a choice of law question involving two different states, and thus theSutherland language may still be of some precedential value on this point.