The Honorable Jerry Taylor State Senator 6203 Ridgewood Drive Pine Bluff, Arkansas 71603-7738
Dear Senator Taylor:
I am writing in response to your request for an opinion on the following four questions:
 1. Can a person who has an aggravated assault conviction, which has been sealed and expunged under the first offenders act, with firearms rights restored serve as constable?
 2. If the answer to question one is "yes" — can that person carry a gun in the performance of his duties as constable?
 3. If the answer to question two is "yes" — can that person attend ALETA and become a certified police officer for an Arkansas city, county or state police agency?
 4. If the answer to question two is "no" — can that person perform the duties of constable without carrying a gun?
RESPONSE
The answers to your questions would require specific reference to the exact facts surrounding the sentencing of the individual in question. I can set out some general conclusions concerning the relevant law, but that law would have to be applied to the specific facts in order to reach any definitive conclusions. I can state as general matter, in response to your first question, that a valid expungement *Page 2 
generally restores the right to hold public office. I am somewhat uncertain regarding your reference to the restoration of firearms rights. There are procedures in place for the Governor to restore firearms rights. See A.C.A. § 5-73-103(b)(2) and (d) (Repl. 2005). I assume, by your reference to the individual's firearms rights being restored, that he has availed himself of one of these procedures. If so, the answer to your second question is "yes," assuming the individual has also satisfied the new statutory training requirements for constables to be able to carry firearms in the course of their duties. In my opinion the answer to your third question is "no." My predecessors, under prior law, have concluded that an expungement is not sufficient to restore eligibility to become a certified law enforcement officer. Although the surrounding law has changed somewhat since the issuance of these opinions, in my opinion that conclusion still obtains. An answer to your fourth question is unnecessary, assuming the individual has a valid restoration of firearms rights under A.C.A. § 5-73-103(b)(2) or (d), and assuming the applicable training has been received. If not, however, in my opinion the answer is unclear, but appears to be "yes." Current statutes appear to contemplate the possibility of a constable serving without carrying a firearm. The statutes authorize a constable to carry a firearm only if certain training has been received.
Question 1 — Can a person who has an aggravated assault conviction,which has been sealed and expunged under the first offenders act, withfirearms rights restored serve as constable?
I must note as an initial matter that determinations of this character require reference to the facts surrounding a particular individual, including any relevant sentencing documents. See, e.g., Ops. Att'y Gen.2002-098; 99-027 and 96-304. I cannot come to any definitive conclusions as to any particular individual in the absence of all the relevant facts. I can state, however, as a general matter, that a valid expungement generally restores the right to hold public office.
Arkansas law disqualifies persons with certain criminal convictions from holding public office. See, e.g., Arkansas Constitution, art. 5, § 9 ("No person hereafter convicted of embezzlement of public money, bribery, forgery or other infamous crime, shall be eligible to the General Assembly or capable of holding any office of trust or profit in this State"); art. 19, § 3 ("No persons shall be elected to, or appointed to fill a vacancy in, any office who does not possess the qualifications of an elector); and A.C.A. § 16-90-112(b) ("Every person convicted of bribery or *Page 3 
felony shall be excluded from every office of trust or profit and from the right of suffrage in this state"). It has been held that an "infamous crime" under the first provision includes all felonies, and certain misdemeanors. See Powers v. Bryant, 309 Ark. 568, 832 S.W.2d 232
(1992) and State v. Oldner, 361 Ark. 316, 206 S.W.3d 818 (2005). "Aggravated assault" is a Class "D" felony. See A.C.A. § 5-13-204(b) (generally) and § 5-26-306(b) (on a family or household member).
A valid expungement, however, restores the right to public office.See Powers v. Bryant, supra, relying on Tyler v. Shackleford,303 Ark. 662, 799 S.W.2d 789 (1990). See also, A.C.A. § 16-90-902, commonly referred to as the "Uniform Expungement Act," which provides as follows:
 (a) An individual whose record has been expunged in accordance with the procedures established by this subchapter shall have all privileges and rights restored and shall be completely exonerated, and the record which has been expunged shall not affect any of his or her civil rights or liberties unless otherwise specifically provided by law.
 (b) Upon the entry of the uniform order to seal records of an individual, the individual's underlying conduct shall be deemed as a matter of law never to have occurred, and the individual may state that no such conduct ever occurred and that no such records exist.
Emphasis added. See also, A.C.A. § 7-6-102 (". . . a person shall be qualified to be a candidate for . . . township office and may certify that he or she has never been convicted of a felony if his or her record was expunged in accordance with §§ 16-93-301 — 16-93-303 . . . provided, the candidate presents a certificate of expunction from the court that convicted the prospective candidate").
Section 16-93-301 through-303, mentioned above, is the "First Offender Act," which you reference in your first question. See also, A.C.A. § 5-64-413 (Repl. 2005) (discharge and dismissal for certain first time drug offenders). A 2007 amendment to A.C.A. § 16-93-303 states that after successful completion of probation under that act and expungement consistent with the Uniform Expungement Act, the "defendant is considered as not having a felony conviction except for: 1) [a] determination of habitual offender status; 2) [a] determination of *Page 4 
criminal history; 3) "[a] determination of criminal history scores; 4) [s]entencing; and 5) "impeachment as a witness under Rule 609 of the Arkansas Rules of Evidence." A.C.A. § 16-93-303(d)(1) through (5).[1]
Disqualification for public office is not mentioned. In my opinion, therefore, a valid expungement generally restores the right to public office of a person sentenced under the First Offender Act. See also,Powers v. Bryant, supra, A.C.A. § 7-6-102; and Ops. Att'y Gen. 2002-317; 2002-310; 2002-152; 2002-098; 99-027; 96-387; and 96-304.
Question 2 — If the answer to question one is "yes" — can that personcarry a gun in the performance of his duties as constable?
As indicated above, and in n. 1, supra, the First Offender Act states at A.C.A. § 16-93-303 (e) (Supp. 2007), that "The eligibility to possess a firearm of a person whose record has been expunged and sealed under this subchapter and § 16-90-901 et seq. is governed by § 5-73-103." That statute is commonly referred to as the "felon in possession" statute. It criminalizes the possession of firearms by certain persons, including those who have been convicted of felonies. The relevant portions provide:
 (a) Except as provided in subsection (d) of this section or unless authorized by and subject to such conditions as prescribed by the Governor, or his or her designee, or the Bureau of Alcohol, Tobacco, Firearms and Explosives of the United States Department of Justice, or other bureau or office designated by the United States Department of Justice, no person shall possess or own any firearm who has been:
 (1) Convicted of a felony;
 * * * (b)(1) A determination by a jury or a court that a person committed a felony constitutes a conviction for purposes of *Page 5 
subsection (a) of this section even though the court suspended imposition of sentence or placed the defendant on probation.
 (2) However, the determination by the jury or court that the person committed a felony does not constitute a conviction for purposes of subsection (a) of this section if the person is subsequently granted a pardon explicitly restoring the ability to possess a firearm.
 * * * (d) The Governor may restore without granting a pardon the right of a convicted felon or an adjudicated delinquent to own and possess a firearm upon the recommendation of the chief law enforcement officer in the jurisdiction in which the person resides, so long as the underlying felony or delinquency adjudication:
 (1) Did not involve the use of a weapon; and
 (2) Occurred more than eight (8) years ago.
Emphasis added.
You have stated in your first question that the individual about whom you inquire has had his "firearms rights restored. The statute above authorizes the Governor to restore a convicted person's right to own and possess a firearm, either by virtue of a pardon explicitly restoring the right, or without granting a pardon under the circumstances listed in subsection (d).[2] I assume, because you state that the individual has had his "firearms rights restored" that he has received such a pardon under subsection (b)(2), or has otherwise had his "firearms rights restored" under *Page 6 
subsection (d) of A.C.A. § 5-73-103 without a pardon. If so, he may own and possess a firearm under A.C.A. § 5-73-103. Section 5-73-103 would thus stand as no obstacle to his "carry[ing] a gun in the performance of his duties as constable." A recently-adopted statute, however (A.C.A. § 14-14-1314), states at (a)(1)(B) that:
 (B) For a constable to carry a firearm:
 (i) He or she shall attend sixteen (16) hours of firearms training; and
 (ii) Each year after completing the training required under subdivision (a)(1)(B)(i) of this section, he or she shall satisfy the firearm qualification standards for a law enforcement official.
Assuming the applicable restoration of rights has been secured and the applicable training requirements are met, in my opinion such a person would be able to "carry a gun in the performance of his duties as constable." See also, Ops. Att'y Gen. 2002-332 and 97-067. To that extent, the answer to your second question is "yes."[3]
Question 3 — If the answer to question two is "yes" — can that personattend ALETA and become a certified police officer for an Arkansas city,county or state police agency?
In my opinion the answer to this question is "no."
Your third question does not involve an individual's service as constable, but inquires instead whether the individual can attend the "Arkansas Law Enforcement Training Academy" and become a certified lawenforcement officer. This question is governed by A.C.A. § 12-9-106
(b)(2) (Repl. 2003), which provides that:" . . . *Page 7 
no person who pleads or is found guilty of a felony shall be eligible to be appointed or certified as a law enforcement officer."[4] The question presented is whether an expungement removes this disqualification. My predecessors have concluded that it generally does not. See e.g., Ops. Att'y Gen. 96-387; 94-148; and 89-056; and 83-217.[5] The law has changed in some respects since the issuance of these opinions, but in my opinion the conclusion barring persons with their records expunged from being certified as law enforcement officers still obtains.
The applicable prohibition, A.C.A. § 12-9-106(b)(2) was added by separate amendment to the subchapter of which it is now a part. See Acts 1983, No. 905, amending Acts 1975, No. 452, § 8(b). The 1983 Act added the sentence now found at (b)(2), (". . . no person who pleads or is found guilty of a felony shall be eligible to be appointed or certified as a law enforcement officer"). The emergency clause to the 1983 act provided as follows:
 With knowledge that there are law enforcement officers presently appointed or employed in this State who have been convicted of felony offenses and that there is ambiguity in the law with respect to what constitutes a conviction, and that the law enforcement officer is in a high position of public trust, and that this Act is necessary for the protection of the public peace, health and safety, this Act shall be in full force and effect from and after its passage and approval.
Acts 1983, No. 905, § 3 (emphasis added). *Page 8 
The emergency clause reflects the clear intent of the Arkansas General Assembly, despite any disputes as to what does, or does not constitute a "conviction," that persons who have "pled guilty," or who have been "found guilty" of felonies, are not eligible to be certified as "law enforcement officers." In this regard, defendants sentenced under the "First Offender Act" are required to plead guilty or nolocontendere. A.C.A. § 16-93-303(a)(1)(A)(i).[6] In my opinion, this "pled guilty" or "found guilty" language is an exception to A.C.A. § 16-90-902's restoration of rights under the Uniform Expungement Act. Again, that statute states that a person with his record expunged "shall have all privileges and rights restored and shall be completely exonerated, and the record which has been expunged shall not affect any of his or her civil rights or liberties unless otherwise specificallyprovided by law." (Emphasis added). In my opinion, A.C.A. § 12-9-106(b)(2) "specifically provide[s]" otherwise.
A similar question was addressed in Doe v. Arkansas Department ofHuman Services, 357 Ark. 413, 182 S.W.3d 107 (2004). Doe involved a request by two persons for an injunction to prohibit the Arkansas Department of Human Services ("DHS") from enforcing its rule denying employment as certified nursing assistants to persons who had certain expunged criminal convictions. The Department had notified certain nursing homes and care facilities that it would begin receiving information from the Arkansas State Police as to the criminal histories of employees and applicants, including expunged criminal adjudications. Although that case turned upon procedural grounds (the court denied injunctive relief, finding no "irreparable harm), the court went on to note that: *Page 9 
 In conclusion, we note Doe and Roe's argument that the State is clearly in violation of Ark. Code Ann. § 16-90-902 (Supp. 2001) [footnote omitted] and Arkansas public policy. Citing McClish v. State, 331 Ark. 295, 962 S.W.2d 332
(1998), they argue that it is obvious that Arkansas has adopted a "second chance" policy to provide certain, eligible individuals a clean slate to make a positive contribution to society. They further contend that there is nothing in § 22-33-205 that provides the OLTC authority to act contrary to this policy. Their argument, however, ignores the express purpose of § 20-33-205 of Arkansas's Elder Care law, which recognizes that sometimes persons providing care to the elderly or individuals with disabilities have criminal histories that impair their ability to provide adequate care. See Emergency Clause of Act 990 of 1997. Here, the General Assembly specifically enumerated those criminal offenses that disqualify a person or ElderChoices provider; those offenses include theft of property, which was the offense committed by Doe and Roe. See Ark. Code Ann. § 20-33-205(a)(3)(A), (B) and (b)(24) (Supp. 2003). It is within the General Assembly's authority to change or amend laws and public policy in this matter.
Id. at 418-419. See also, Ops. Att'y Gen. 2003-183; 2003-057; and 2002-141.
In my opinion, similarly, A.C.A. § 12-9-106(b)(2), as added by Acts 1983, No. 905, including the emergency clause to that Act, reflects an intent that persons who have plead guilty or who have been found guilty of felonies not be certified as law enforcement officers. In my opinion, therefore, the answer to your third question is "no."
Question 4 — If the answer to question two is "no" — can that personperform the duties of constable without carrying a gun?
To the extent the individual has obtained a valid restoration of firearms rights under either A.C.A. § 5-73-103(b)(2) or (d), and has received the required training under A.C.A. § 14-14-1314, the answer to Question 2 was "yes." An answer to your fourth question is thus unnecessary under those facts. *Page 10 
If for some reason, the requisite restoration of firearms rights has not been received, or the required training has not been taken, in my opinion the answer to your question is unclear. I have not found any helpful case law in Arkansas or elsewhere on the question. In addition, the portion of A.C.A. § 14-14-1314 regarding firearms training for constables clearly requires the training if a constable is to carry a firearm in the course of his duties. It does not appear, however, to reflect any intent to disqualify an individual from serving as constable if he does not take the required firearms training. Constables are created at Arkansas Constitution, art. 7, § 47, but no explicit qualifications are listed. In addition, A.C.A. § 14-14-1301(b)(2) (Supp. 2007) states that "[t]here shall be elected in each township . . . one (1) constable who shall have the qualifications and perform such duties as may be provided by law." I have not found any specific statutes setting the qualifications of constables or requiring them to be eligible to carry firearms. Various statutes in the Arkansas Code set out the law enforcement duties of constables. See, e.g., A.C.A. § 16-19-302 ("Each constable shall be a conservator of the peace in his township and shall suppress all riots, affrays, fights, and unlawful assemblies, and shall keep the peace and cause offenders to be arrested and dealt with according to law"). Although, clearly, the exercise of these duties would be facilitated by the carrying of firearms, I cannot conclude that the applicable statutes make carrying firearms a job qualification.
In my opinion, therefore, if, under the particular facts, the individual you describe is disqualified from carrying a firearm due to his criminal conviction, state law does not appear to expressly prohibit him from serving as constable.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
 DUSTIN McDANIEL, Attorney General
[1] Subsection (e) also states that "The eligibility to possess a firearm of a person whose record has been expunged and sealed under this subchapter and § 16-90-901 et seq. is governed by § 5-73-103." That provision will be discussed in more detail in response to your second question.
[2] The statute, in subsection (a), also mentions certain federal offices as being authorized to restore firearms rights. Under current federal law, however, that is not an option. See Op. Att'y Gen. Opinion No. 2005-023 (citing Black v. Snow, 272 F.Supp.2d 21 (D.C.C. 2003), which discusses Congress' decision, first made in 1992 and continued each year thereafter, to prohibit the federal funds appropriated annually for ATF from being used "to investigate or act upon applications for relief from Federal firearm disabilities under18 U.S.C. § 925(c)." See Treasury, Postal Service and General Government Appropriations Act, Pub.L. No. 102-393, 106 Stat. 1729, 1732 (Oct. 6, 1992)).
[3] If however, the person about whom you inquire has not received a pardon explicitly restoring his firearm rights, nor had firearms rights restored under subsection (d) of A.C.A. § 5-73-103, in my opinion his right to own and possess a firearm on the basis of an expungement alone is questionable. See A.C.A. 16-93-303(e); 5-73-103 (a)(1); 16-90-902;Act 595 of 1995; State v. Warren, 345 Ark. 508, 49 S.W.3d 103 (2001);State v. Ross, 344 Ark. 364, 39 S.W.3d 789 (2001) and Op. Att'y Gen.2005-230. Again, the precise facts involving the particular individual may also be relevant.
[4] This statute does not apply to elected constables because they are not within the definition of "law enforcement officer[s]" for purposes of the applicable subchapter. See Arkansas Constitution, art. 7, § 47
(providing for the election of constables); 14-14-1301(b)(2) (Supp. 2007) (same); and A.C.A. § 12-9-102(2) (Repl. 2003) (defining "law enforcement officer" as excluding "those officers who are elected by a vote of the people"). See also, however, A.C.A. § 12-9-115 (Supp. 2007) (requiring the Arkansas Commission on Law Enforcement Standards and Training to develop a training course of one hundred and twenty (120) hours to one hundred sixty (160) hours for certifying new constables).
[5] One exception was noted in three of these opinions — for defendants receiving a discharge and dismissal under A.C.A. § 5-4-311
— on the basis that that statute contained language "nullifying" a previous determination of guilt" and stating that the defendant "shall not thereafter be subjected to any disqualification or disability imposed by law upon conviction of the offense." That language has since been omitted from the statute, however.
[6] With regard to the effect of a "nolo contendere" plea, as stated in Opinion No. 1996-387, n. 1:
 Black's Law Dictionary (5th ed. 1979), defines this term as a: "Latin phrase meaning `I will not contest it'; a plea in a criminal case which has a similar legal effect as pleading guilty. [Citation omitted.] Type of plea which may be entered with leave of court to a criminal complaint or indictment by which the defendant does not admit or deny the charges, though a fine and sentence may be imposed pursuant to it. The principal difference between a plea of guilty and a plea of nolo contendere is that the latter may not be used against the defendant in a civil action based upon the same facts. As such, this plea is particularly popular in antitrust actions . . . where the likelihood of civil actions following in the wake of a successful antitrust prosecution is very great." See Id. at 945.
In my opinion, a plea of "nolo contendere," because it has the same legal effect as a guilty plea, is also within the prohibition of A.C.A. § 12-9-106(b)(2).