OAKWOOD HOMES CORPORATION; Oakwood Mobile Homes, Inc.; Oakwood Acceptance Corporation; Schult Mobile Homes; American Bankers Insurance Group; Assurant Group; and Fortis Incorporated *v.* Joseph and Sheila WOODALL; Cecil, Kevin, and Dixie Abbott; John and Joetta Tatum; Terry and Deborah Burkholder; and Joseph Combs

02-349                                                                74 S.W.3d 626

Supreme Court of Arkansas
Opinion delivered May 9, 2002

*Wright, Lindsey & Jennings LLP*, by: *Roger D. Rowe* and *Stephen R. Lancaster*, for appellants Oakwood Homes Corporation; Oakwood Mobile Homes, Inc.; Oakwood Acceptance Corporation; and Schult Mobile Homes.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Byron Freeland* and *Derrick W. Smith*, for appellants American Bankers Insurance Company of Florida; Amerian Bankers Insurance Group; Assurant Group; and Fortis Incorporated.

*Cauley Geller Bowman & Coates, LLP*, by: *Steven E. Cauley, Curtis L. Bowman*, and *Gina M. Cothern; Curtis Rickard; Niblock Law Firm*, by: *George H. Niblock* and *Raymond L. Niblock*, for appellees.

P ER CURIAM. Pending before this court are two motions to stay trial court proceedings pending appeal. At issue

in the underlying litigation is class certification of a group of mobile home buyers. One motion is filed by appellants Oakwood Homes Corporation, Oakwood Mobile Homes, Inc., Oakwood Acceptance Corporation, and Schult Mobile Homes ("Oakwood"). The second motion is filed by appellants American Bankers Insurance Group, Assurant Group, and Fortis Incorporated ("American Bankers"). Both Oakwood Homes and American Bankers contend that because their appeals concern whether the trial court erred in refusing to compel arbitration agreements of potential class members, that issue needs to be resolved on appeal before appellees Joseph and Sheila Woodall and others can pursue class certification and discovery on the merits of their lawsuit.

This court is well aware of the policy favoring arbitration in this state and the right to an interlocutory appeal under the Arkansas Arbitration Act. *See* Ark. Code Ann. § 16-108-219(a)(1) (1987); Ark. Rule App. P.—Civil 2(a)(12). We are also cognizant of Ark. Code Ann. § 16-108-202(d), which reads:

> (d) Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section, or, if the issue is severable, the stay may be with respect thereto only. When the application is made in the action or proceeding, the action for arbitration shall include the stay.

This court has stayed trial court proceedings in the past when an appeal is pending on the failure to compel arbitration. *See, e.g., The Money Place, LLC v. Barnes*, 01-1361, Motion for Stay of Trial Court Proceedings Pending Interlocutory Appeal, granted. (April 4, 2002). However, we are advised that this case may involve disparate classes in that certain potential class members may not have entered into arbitration agreements and certain potential members may not have purchased insurance from American Bankers. The question has also been raised as to whether a supersedeas bond required under Ark. R. Civ. P. 8 is required pending this interlocutory appeal? The motions to stay trial proceedings pending the arbitration appeal apparently were not presented to the trial court for resolution.

■ We conclude that this is a matter for the trial court to address. Accordingly, we remand for the trial court to determine whether a stay of trial court proceedings should be granted, and if so, whether a supersedeas bond is required.

Remanded.