The Honorable Barbara King State Representative 106 Tulip Circle Helena, AR 72390
Dear Representative King:
You have presented the following questions for my opinion:
 (1) Can a quorum court remove a justice of the peace who has pled guilty to a felony, but has not yet been sentenced?
 (2) Can a quorum court remove a justice of the peace who has pled guilty to a felony and has been sentenced?
 (3) Is a quorum court obligated to remove a justice of the peace from office who is guilty of a felony?
 (4) Is a justice of the peace who is guilty of a felony eligible to hold the office?
RESPONSE
Question 1 — Can a quorum court remove a justice of the peace who haspled guilty to a felony, but has not yet been sentenced?
It is my opinion that state law does not authorize a quorum court to remove a justice of the peace who has pled guilty to a felony, but has not yet been sentenced.
Quorum courts are authorized to declare a vacancy in a quorum court position only if a "condition of vacancy" exists. A.C.A. § 14-14-1309. Seealso Ark. Const., Art. 5, § 9 and A.C.A. § 16-90-112(b) (both excluding persons who have been "convicted" of felonies from holding public office). The "conditions of vacancy" for purposes of A.C.A. § 14-14-1309
are set forth in A.C.A. § 14-14-1308. Among those conditions is the following:
 A county, county quorum court district, or township office shall be considered vacant if any one (1) of the following conditions exists:
* * *
 (8) The incumbent is convicted of a felony, incompetency, corruption, gross immorality, criminal conduct, malfeasance, misfeasance, or nonfeasance in office by judicial proceedings;
A.C.A. § 14-14-1308(8) (emphasis added).
Thus, the quorum court can remove the individual in question if he is deemed to have been "convicted." The entry of plea of guilty is not equivalent to a "conviction." Under the Arkansas Rules of Criminal Procedure, the court's judgment of conviction is entered at the time of sentencing. See Rule 33.2, A.R.Cr.P. If the individual in question has not yet been sentenced, he is not yet deemed to have been "convicted." The same is true if the individual has pled guilty to a federal crime.See Rule 11, Rule 32 of the Federal Rules of Criminal Procedure. Therefore, the necessary condition of vacancy does not yet exist, and the quorum court cannot remove him.
Question 2 — Can a quorum court remove a justice of the peace who haspled guilty to a felony and has been sentenced?
The answer to this question will depend upon certain facts about the circumstances of the individual's guilty plea and the nature of the "sentence." As discussed in response to Question 1, the quorum court cannot remove the individual unless he is deemed to have been "convicted." See A.C.A. § 14-14-1309. See also Ark. Cont., Art. 5, § 9; A.C.A. § 16-90-112. The question of whether an individual is deemed to have been "convicted" will be impacted by the nature of the plea and of the court's disposition of the matter, as explained more fully below.
If an individual pleads guilty under the authority of a law that permits his record to be expunged, see, e.g., A.C.A. §§ 16-93-301 et seq.;5-64-407; 5-4-311; 16-90-601; 16-90-602; 16-90-605; 16-93-1207, his plea is entered before any adjudication of guilt is entered, and the judge places the defendant on probation or suspends the imposition of any sentence. If the individual successfully fulfills all the terms and conditions of the probation or suspension, an adjudication of guilt is never entered, the defendant's record is expunged, and the case is dismissed. Such an individual is deemed never to have been convicted.
The significant difference (for purposes of your question) between the above-described expunged defendants, and defendants who are not placed on probation or whose sentences are not suspended, is that when the second type of defendant pleads guilty and is sentenced, an adjudication of guilt is entered on that defendant's record at the time of sentencing, and he is deemed to have a "conviction" on his record. Accord, Ops. Att'y Gen. Nos. 2002-098; 2001-004; 99-027; 96-387; 96-304; 95-194.
Thus, the answer to your question will ultimately depend upon whether the individual in question has had a judgment of conviction entered against him by the court. If so, the quorum court has the authority, under A.C.A. § 14-14-1309, to remove him.
Question 3 — Is a quorum court obligated to remove a justice of the peacefrom office who is guilty of a felony?
It is my opinion that the quorum court is obligated to declare a vacancy in the position of a justice of the peace who has been convicted of a felony, as discussed in response to Questions 1 and 2.
The statute directing the quorum court to declare a vacancy (A.C.A. §14-14-1309) states in pertinent part:
 (a) CONDITIONS. The quorum court of each county shall declare a county, county quorum court district, or township office vacant where conditions of vacancy exist as demonstrated in the following manner:
* * *
 (2) Upon determination by a quorum court that a condition of vacancy exists in all other causes not governed by failure to be commissioned or finding of judicial proceedings. Such determination by a quorum court shall be conducted through the process of resolution as prescribed by law if the resolution shall have been published prior to the meeting date in which the resolution is to be considered by the court.
A.C.A. § 14-14-1309(a)(2) (emphasis added).
The above-quoted language makes use of the mandatory term "shall." In my opinion, the use of "shall" in this statute indicates that the authority granted in the statute is directional rather than discretionary. SeeBrewer v. Fergus, 348 Ark. 577, 74 S.W.3d 626 (2002). My conclusion regarding this matter is bolstered by the fact that state law states at least three times that a person who has been convicted of a felony is ineligible to serve in a public office such as justice of the peace. See
Ark. Const., Art. 5, § 9; A.C.A. § 16-90-112(b); A.C.A. § 14-14-1308(8).
For these reasons, I conclude that the quorum court is obligated to declare a vacancy in the position of a justice of the peace who has been duly convicted of a felony as discussed in response to Questions 1 and 2.
Question 4 — Is a justice of the peace who is guilty of a felonyeligible to hold the office?
It is my opinion that a justice of the peace who has been convicted of a felony (by having a judgment of conviction entered against him by the court, as discussed in response to Questions 1 and 2) is not eligible to hold the office of justice of the peace.
As indicated previously, this conclusion is expressed in three sources of state law.
First, Article 5, § 9 of the Arkansas Constitution states:
 No person hereafter convicted of embezzlement of public money, bribery, forgery or other infamous crime shall be eligible to the General Assembly or capable of holding any office or trust or profit in this State.
Ark. Const., Art. 5, § 9. (It should be noted that the term "infamous crime," as used in this constitutional provision has been interpreted to include all felony convictions. See Powers v. Bryant, 309 Ark. 568,832 S.W.2d 232 (1992) (stating that "[t]his constitutional provision prohibits convicted felons from `holding any office or trust or profit in this state.'"); Op. Att'y Gen. No. 2002-098.
Second, A.C.A. § 16-90-112(b) states:
 (b) Every person convicted of bribery or felony shall be excluded from every office of trust or profit and from the right of suffrage in this state.
A.C.A. § 16-90-112(b).
Finally, as discussed in response to Question 1, the provisions of A.C.A. § 14-14-1308(8) expressly state that conviction of a felony constitutes a "condition of vacancy" in a quorum court position.
These sources of law unambiguously indicate that a person who has been duly convicted of a felony is not eligible to serve as justice of the peace.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General